denial of state post conviction relief, in order to initiate habeas corpus proceedings in a federal district court. *See Fay v. Noia*, 372 U.S. 391, 435–38, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963); *County Court of Ulster, New York v. Allen*, 442 U.S. 140, 149 n.7, 99 S. Ct. 2213, 60 L. Ed. 2d 777 (1979). Rather, the denial of state post-conviction relief becomes final for the purposes of habeas relief after a decision by the state's highest court. *See* 28 U.S.C. § 2254(b)(1)(A); *Ott*, 192 F.3d at 513; *Rhine*, 182 F.3d at 1156. Consequently, it is unlikely that Congress intended to nevertheless toll § 2244(d)'s limitations period when no petition for a writ of certiorari is even filed with the Supreme Court. This seems particularly true when Congress made clear that one of its purposes in enacting the AEDPA was to curb the protracted nature of habeas corpus proceedings.

## III.

For the foregoing reasons we AFFIRM the dismissal of defendant's habeas corpus petition as time barred.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0318P (6th Cir.)
File Name: 00a0318p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

————————

DENNIS ISHAM,
    *Petitioner-Appellant,*

    *v.*

No. 99-3412

MICHAEL RANDLE, Warden,
    *Respondent-Appellee.*

Appeal from the United States District Court
for the Southern District of Ohio at Dayton.
No. 98-00511—Walter H. Rice, Chief District Judge.

Argued: August 2, 2000

Decided and Filed: September 13, 2000

Before: KENNEDY and NORRIS, Circuit Judges; KATZ[*],
District Judge.

————————

## COUNSEL

**ARGUED:** Siobhan R. O'Keeffe, PUBLIC DEFENDER'S OFFICE, OHIO PUBLIC DEFENDER COMMISSION, Columbus, Ohio, for Appellant. Katherine E. Pridemore,

————————

[*] The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

OFFICE OF THE ATTORNEY GENERAL, CORRECTIONS LITIGATION SECTION, Cincinnati, Ohio, for Appellee. **ON BRIEF:** Siobhan R. O'Keeffe, PUBLIC DEFENDER'S OFFICE, OHIO PUBLIC DEFENDER COMMISSION, Columbus, Ohio, for Appellant. Katherine E. Pridemore, OFFICE OF THE ATTORNEY GENERAL, CORRECTIONS LITIGATION SECTION, Cincinnati, Ohio, for Appellee.

———————————

### OPINION

———————————

KENNEDY, Circuit Judge.    Defendant appeals the judgment of the district court dismissing his habeas corpus petition as untimely under 28 U.S.C. § 2244(d)(1). Defendant argues that, pursuant to § 2244(d)(2), the time during which his Ohio R. App. P. 26(B) application was pending, as well as the time during which he could have potentially petitioned the United States Supreme Court for a writ of certiorari, should have stayed § 2244(d)(1)'s one year limitations period. In order for defendant's habeas corpus petition to be timely, defendant would have to prevail on both of these arguments. Because we conclude that the one year limitations period is not tolled during the ninety days in which defendant could have petitioned the United States Supreme Court for a writ of certiorari, we decline to consider defendant's argument concerning his Ohio R. App. P. 26(B) application and AFFIRM the district court's dismissal of defendant's petition as untimely.

### I.

Defendant Dennis Isham was convicted of two counts of aggravated robbery in Ohio state court in 1993. The Montgomery County Court of Appeals affirmed Defendant's conviction and sentence on March 2, 1994. Defendant's conviction became final on direct review when the Ohio Supreme Court dismissed his appeal on December 6, 1994. Defendant filed a post-conviction petition with the trial court

Court, following a state court's denial of post-conviction relief.

We draw this conclusion for several reasons. First, as defendant concedes, § 2244(d)(2) is drafted such that "State" modifies "post conviction or other collateral relief." A petition for certiorari to the United States Supreme Court is not "state post conviction relief." Neither is such a petition "other state collateral relief." As the Tenth Circuit observed in *Rhine*, a petition for a writ of certiorari to the United States Supreme Court is simply not an application for state review of any kind. . . ." *Rhine* 182 F.3d at 1156. Thus, the plain language of the statute excludes the time period during which a defendant could have potentially petitioned the Supreme Court for a writ of certiorari, from being viewed as the type of relief that would toll § 2244(d)'s limitations period.

Second, in § 2244(d)(1)(A), Congress expressly took into account the time during which a petition for a writ of certiorari could be filed with the United States Supreme Court. Section 2244(d)(1)(A) provides that the one year limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Other Courts have generally concluded that for the purpose of this subsection, the one year limitations period does not begin to run until after the time for filing a petition for a writ of certiorari with the United States Supreme Court has passed. *See Rhine*, 182 F.3d at 1155–56 (collecting cases). By omitting such language from § 2244(d)(2), it seems clear that Congress intended to exclude potential Supreme Court review as a basis for tolling the one year limitations period. *See Hohn v. United States*, 524 U.S. 236, 249–50, 118 S.Ct. 1969, 1977, 141 L.Ed.2d 242 (1998) (observing that by including particular language in one section of an act but omitting it in another section of the same act, it is presumed that Congress intended to exclude the language); *Ott*, 192 F.3d at 513.

Finally, a defendant is not required to petition the United States Supreme Court for a writ of certiorari following the

As discussed above, defendant's one year limitations period began to run with the passage of the AEDPA on April 24, 1996. The state concedes that defendant had a properly filed application for post conviction relief pending until May 14, 1997, when the Ohio Supreme Court dismissed defendant's appeal of the trial court's denial of his motion for a new trial. Defendant then waited thirteen days until filing his motion to reopen his appeal on May 27, 1997. The motion was finally disposed of on November 12, 1997, when the Ohio Supreme Court declined review. Defendant then waited a year to file his petition for a writ of habeas corpus in the district court. When this intervening year is combined with the thirteen days defendant waited to file his motion to reopen, it is clear that defendant's habeas corpus petition is outside the one year limitations period allowed by § 2244(d)(2).

**B.**

Defendant argues, however, that the time in which he could have petitioned the United States Supreme Court for a writ of certiorari should also toll the limitations period of § 2244(d)(2). Thus, under Defendant's reasoning, the limitations period would also have been tolled for ninety days following the Ohio Supreme Court's May 14, 1997, final dismissal of his motion for new trial.

Our circuit has not yet considered the issue raised by defendant, but other courts that have addressed the matter have rejected similar arguments. *See Ott v. Johnson*, 192 F.3d 510, 512–13 (5th Cir. 1999); *Rhine v. Boone*, 182 F.3d 1153, 1155–56 (10th Cir. 1999); *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000); *Ramos v. Walker*, 88 F. Supp.2d 233 (S.D.N.Y. 2000); *Gonzalez v. DeTella*, 6 F.Supp. 780, 781–82 (N.D.Ill. 1998) (reversed on other grounds by *Gonzalez v. DeTella*, No. 98-2694, WL 1100223 (7th Cir. Nov. 30, 1999)); *Moseley v. Freeman* 977 F. Supp.2d 733, 735–39 (M.D.N.C. 1997). We join these courts and hold that § 2244(d)(2) does not toll the limitations period to take into account the time in which a defendant could have potentially filed a petition for certiorari with the United States Supreme

on February 7, 1995. In response, the state moved for summary judgment and the trial court granted the motion. The Ohio Supreme Court declined appellate review on December 20, 1995. Defendant then filed a motion for a new trial on February 20, 1996. The motion was denied on all levels, ending with the Ohio Supreme Court dismissing the appeal on May 14, 1997.

Thirteen days later, on May 27, 1997, Defendant filed an application pursuant to Ohio R. App. P. 26(B) to reopen his original direct appeal heard by the Montgomery County Court of Appeals, based on alleged ineffective assistance of appellate counsel. The Court of Appeals denied his application on July 16, 1997, and the Ohio Supreme Court declined review on November 12, 1997.

Defendant filed a petition for a writ of habeas corpus in United States District Court on November 12, 1998. The court dismissed Defendant's petition on February 23, 1999, for failure to file within the one year period provided by 28 U.S.C. § 2244(d)(1), and granted a certificate of appealability with respect to the timeliness of Defendant's petition.

**II.**

In the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress added a statute of limitations for the filing of habeas corpus petitions, providing in relevant part, that:

(d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.
* * *

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2). The statute of limitations does not contain a grace period, which would render it unconstitutional as to habeas corpus claims that accrued before the statute's enactment. *See Texaco, Inc. v. Short*, 454 U.S. 516, 527 n.21, 102 S. Ct. 781, 70 L. Ed. 2d 738 (1982) (observing that a new statute of limitations must allow "a reasonable time after they take effect for the commencement of suits upon existing causes of action."). Consequently, like the majority of circuits, our circuit gives a one year grace period for convictions which became final prior to the April 24, 1996, effective date of the AEDPA. *See Brown v. Odea*, 187 F.3d 572, 577 (6th Cir. 1999) (reversed on other grounds by *Brown v. O'Dea*, 120 S.Ct. 2715, (2000)). Thus, defendant would normally have until April 24, 1997 to file his habeas petition, well before his actual November 12, 1998, filing date.

### A.

Defendant argues that the district court erred in not tolling the statute for his application for reopening under Ohio R. App. P. 26(B)[1], and the time in which he could have petitioned the United States Supreme Court for a writ of certiorari. Defendant relies on § 2244(d)(2), which deducts "time during which a *properly filed* application for State post-

---

[1]Ohio Appellate Rule 26(B) provides in relevant part:

(1)  A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.

conviction or other collateral review" is pending, from calculation of the limitations period.  In response, the state points out that defendant's application for reopening was more than three years late and was ultimately dismissed by the Ohio Court of Appeals as procedurally barred, due to defendant's failure to show good cause for his delay. Accordingly, the state argues that defendant's application was *not* properly filed, as it was dismissed by the Ohio Court of Appeals on procedural grounds.

The circuits have split on the meaning of "properly filed." Some circuits adopt a narrow interpretation of the phrase's meaning, concluding that facial compliance with state procedural rules, such as those regarding notice, time, and place of filing, is all that is required. *See Adeline v. Stinson*, 206 F.3d 249 (2d Cir. 2000); *Williams v. Cain*, No. 99-30759, WL 867839 (5th Cir. June 29, 2000); *Bennett v. Artuz*, 199 F.3d 116 (2d Cir. 1999); *Villegas v. Johnson*, 184 F.3d 467 (5th Cir. 1999).  Other circuits adopting a somewhat broader view, conclude that a state court's interpretation of whether an application was properly filed is dispositive, even if the state court reviewed part of the merits of the case to reach its determination. *See Jefferson v. Welborn*, No. 99-2337, WL 862846 (7th Cir. June 29, 2000); *Freeman v. Page*, 208 F.3d 572 (7th Cir. 2000); *Tinker v. Hanks*, 172 F.3d 990 (7th Cir. 1999); *Dictado v. Ducharme*, 189 F.3d 889 (9th Cir. 1999); *Weekley v. Moore*, 204 F.3d 1083 (11th Cir. 2000); *Webster v. Moore*, 199 F.3d 1256 (11th Cir. 2000).  The Supreme Court recently granted *certiorari* in *Bennett v. Artuz*, 199 F.3d 116 (2d Cir. 1999) to consider the meaning of properly filed in the context of that case. *See Bennett v. Artuz*, 199 F.3d 116 (2d Cir. 1999) *cert. granted Artuz v. Bennett*, 120 S. Ct. 1669, 146 L. Ed. 2d 479 (2000).

Our circuit has yet to consider the meaning of "properly filed" under § 2244(d)(2) and we find it unnecessary to do so. Assuming, *arguendo,* that defendant's late motion for reopening was a properly filed application for state post-conviction relief, thereby tolling the statute for that period, defendant's habeas corpus petition would still be untimely.