**Michael J. POWERS, Petitioner–Appellant,**

v.

**Curtis WINGARD, Warden, Respondent–Appellee.**

No. 99–4229.

United States Court of Appeals, Sixth Circuit.

Jan. 26, 2001.

Before WELLFORD, RYAN, and SUHRHEINRICH, Circuit Judges.

Michael J. Powers, a pro se Ohio prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1991, a jury convicted Powers of one count of kidnaping and two counts of rape. The trial court sentenced him to a total of thirty to seventy-five years of imprisonment. The Ohio Court of Appeals affirmed the convictions and sentences in 1992, and the Ohio Supreme Court dismissed Powers's appeal. Powers petitioned the trial court for post-conviction relief in September 1996. The trial court denied the petition, the court of appeals affirmed the trial court's decision, and the Ohio Supreme Court dismissed the appeal in October 1997. In February 1998, Powers filed a motion for delayed reconsideration with the Ohio Court of Appeals. The court treated it as a delayed application to reopen his appeal and dismissed it as untimely in March 1998. Powers signed his federal habeas petition on July 6, 1998. In an order entered September 10, 1999, the district court dismissed Powers's petition as barred under the Antiterrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations. *See* 28 U.S.C. § 2244(d). The district court granted Powers a certificate of appealability on the following issue: did the court properly dismiss the petition on statute of limitations grounds?

In his timely appeal, Powers argues' that the statute of limitations found in 28 U.S.C. § 2244 cannot be applied to bar his habeas petition because his conviction became final before the AEDPA's effective date. He has moved for the appointment of counsel.

When reviewing a district court's disposition of a petition for a writ of habeas corpus, this court reviews the district court's findings of fact for clear error and

**292**

its conclusions of law de novo. *See Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir.1999). Upon review, we conclude that the district court properly dismissed Powers's habeas petition as untimely under § 2244(d).

■ First, the AEDPA applies to this case because Powers filed his petition for a writ of habeas corpus after the Act's effective date of April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir.1999), *cert. denied*, 530 U.S. 1229, 120 S.Ct. 2658, 147 L.Ed.2d 273 (2000); *Herbert v. Billy*, 160 F.3d 1131, 1134–35 (6th Cir.1998).

■ Second, Powers filed his petition outside the one-year statute of limitations period. *See* 28 U.S.C. § 2244(d)(1). Even assuming that both of Powers's post-conviction state court challenges were "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). Powers's federal habeas petition was fifteen days late. Because his conviction became final before the AEDPA's effective date, the statute of limitations period began to run on April 24, 1996. *See Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir.1999), *cert. denied*, 530 U.S. 1210, 120 S.Ct. 2211, 147 L.Ed.2d 244 (2000). The statute of limitations was tolled from September 20, 1996, to October 15, 1997 (390 days), while Powers's petition for post-conviction relief was pending in the trial and appellate courts, and arguably from February 19, 1998, to March 24, 1998 (33 days), while Powers's motion for delayed reconsideration was pending in the court of appeals. Powers's habeas petition is deemed filed on the day he signed it, July 6, 1998. *See In re Sims*, 111 F.3d 45, 47 (6th Cir.1997). A total of 803 days elapsed from April 24, 1996, to July 6, 1998. Subtracting the 423 days during which the statute was tolled leaves 380 days, fifteen more than permitted.

No other tolling provisions apply to render Powers's petition timely. This court recently held that "§ 2244(d)(2) does not toll the limitations period to take into account the time in which a defendant could have potentially filed a petition for certiorari with the United States Supreme Court" for review of the denial of a state post-conviction petition. *See Isham v. Randle*, 226 F.3d 691, 695 (6th Cir.2000). Thus, Powers's state post-conviction petition tolled the limitations period for 390 days, and no more.

For the foregoing reasons, we deny Powers's motion for counsel and affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.