**Osrouge TURNER, Petitioner–Appellant,**

v.

**Don DEWITT, Warden, Respondent–Appellee.**

**No. 00–4361.**

United States Court of Appeals, Sixth Circuit.

April 30, 2001.

**292**

Before BOYCE F. MARTIN, Chief Judge; MOORE, Circuit Judge; O'MALLEY, District Judge.[*]

### ORDER

Osrouge Turner appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously

agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, an Ohio jury convicted Turner of two counts of murder, with firearm specifications, and the trial court sentenced him to fifteen years to life imprisonment. In 1999, Turner filed his § 2254 habeas petition, alleging that his convictions resulted from numerous constitutional violations. The district court concluded that Turner's petition was barred by the applicable statute of limitations and dismissed the petition. The court did grant Turner a certificate of appealability on the issue of whether his petition was barred by the statute of limitations. In this timely appeal, Turner moves for the appointment of counsel.

■ Upon review, we conclude that the district court improperly dismissed Turner's habeas petition as barred by the applicable statute of limitations. This court renders de novo review of the district court's determination that the petition was filed outside of the applicable statutory limitations period. *Tolbert v. State of Ohio Dep't of Transp.*, 172 F.3d 934, 938 (6th Cir.1999).

■ Turner timely filed his habeas petition. Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner has one year from the conclusion of the direct appeal challenging his convictions to file for federal habeas relief. *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir.1999), *cert. denied*, 530 U.S. 1210, 120 S.Ct. 2211, 147 L.Ed.2d 244 (2000). Following his jury trial, Turner appealed to the Ohio Court of Appeals, which affirmed his convictions. Turner then petitioned the Ohio Supreme Court for leave to appeal, but the court denied his petition on April 1, 1998. Since Turner

---

[*] The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

did not seek further review with the United States Supreme Court, his convictions became final when the time for filing a petition for a writ of certiorari with that court had passed, *Isham v. Randle,* 226 F.3d 691, 695 (6th Cir.2000), *petition for cert. filed* (Jan. 24, 2001) (No. 00–8333), which was ninety days after the Ohio Supreme Court denied leave to appeal. *Bronaugh v. Ohio,* 235 F.3d 280, 283 (6th Cir.2000). Therefore, the statute of limitations under § 2244(d)(1)(A) began to run on June 30, 1998. Turner filed his habeas petition 472 days later, on October 15, 1999.

On February 12, 1999, however, before filing his federal habeas petition, Turner filed an application to reopen his direct appeal with the Ohio Court of Appeals, pursuant to Ohio R.App. P. 26(B). The court denied this application as untimely, and Turner appealed this decision to the Ohio Supreme Court. On June 28, 1999, that court dismissed the appeal because Turner had not filed a memorandum in support of jurisdiction. In reviewing the timeliness of Turner's § 2254 petition, the district court concluded that the statute of limitations was not tolled during the 136–day period that the Rule 26(B) application was pending in the Ohio courts.

The district court improperly concluded that the statute of limitations was not tolled during this period. This court recently determined that even an untimely Rule 26(B) application to reopen the direct appeal is part of the direct appeal process under § 2244(d)(1)(A). *Bronaugh,* 235 F.3d at 285–86. Consequently, the statute of limitations is tolled while the Rule 26(B) application is pending in the Ohio courts. *Id.* at 286. With this period of time tolled, Turner filed his habeas petition 336 days after his convictions became final, well within the applicable one-year statutory period.

Accordingly, this court denies Turner's motion for the appointment of counsel, vacates the district court's judgment, and remands the case for further proceedings. Rule 34(j)(2)(C), Rules of the Sixth Circuit.