**Omar SITTO, Petitioner,**

v.

**Barbara BOCK, Respondent.**

No. 00–10267–BC.

United States District Court,
E.D. Michigan,
Northern Division.

June 18, 2002.

N.C. Deday LaRene, LaRene & Kriger, Detroit, MI, for plaintiff.

Janet Van Cleve, Mich. Dept. of Atty. Gen., Lansing, MI, for defendant.

### *OPINION AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS, PERMITTING AMENDMENT TO PETITION, AND ADMINISTRATIVELY CLOSING CASE*

LAWSON, District Judge.

The petitioner, Omar Sitto, is presently confined at the Saginaw Correctional Facility in Saginaw, Michigan. He has filed through counsel a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is in custody in violation of his federal constitutional rights. The Magistrate Judge entered an order on July 7, 2000 requiring the respondent to respond to the allegations in the petition, including filing pertinent portions of the state court record, by September 29, 2000, as required by Rule 5, Rules Governing Section 2254 Cases. On October 10, 2000, this Court enlarged the respondent's response time to December 29, 2000, pursuant to the respondent's request. Instead of answering the petition, the respondent filed on February 1, 2001 a motion to dismiss the petition for failure to comply with the applicable statute of limitations. The petitioner promptly filed a response to the motion. The respondent filed the Rule 5 materials on December 17, 2001, following the issuance of a show cause order by the magistrate judge on November 26, 2001.

The motion to dismiss presents the question whether the petitioner's post-conviction motion sufficiently alleged a federal claim, as required by the Sixth Circuit's decision in *Austin v. Mitchell,* 200. F.3d 391, 393–94 (6th Cir.1999), that triggered the statute-of-limitation tolling provisions of 28 U.S.C. § 2244(d)(2). The Court finds that the state post-conviction motion does not satisfy *Austin*'s requirements, but that the doctrine of equitable tolling applies to the petition, saving it from a statute of limitations violation. However, the Court determines that the petition contains unexhausted claims which will require a return to state court, or the filing of an amended petition.

## I.

The petitioner was convicted in 1993 after a jury trial in the Oakland County, Michigan Circuit Court of conspiracy to possess with intent to deliver 650 grams of cocaine. Mich. Comp. Laws § 750.157a & 333.7401(2)(a)(1). He was sentenced to a mandatory term of life imprisonment without out possibility of parole. The petitioner's conviction was affirmed in his appeal of right, *People v. Omar Sitto,* No. 170049, 1997 WL 33354578 (Mich.Ct.App. Jan.10, 1997) (*per curiam* ), and a motion for rehearing in the Michigan Court of Appeals was denied. *People v. Omar Sitto,* No. 170049 (Mich.Ct.App. Apr.3, 1997). The Michigan Supreme Court denied the petitioner's application for leave to appeal on November 7, 1997. *People v. Omar Sitto,* No. 109210, 1997 WL 696855 (Mich. Nov.7, 1997). The petitioner did not file a petition for writ of certiorari in the United States Supreme Court.

On October 7, 1998, the petitioner filed a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 in the state trial court. The sole ground for relief was the claim that the key witness that connected the petitioner to the drug conspiracy had recanted his testimony, and the petitioner was entitled to a new trial under state procedural rules. The state trial court denied the motion for relief from judgment on June 14, 1999, finding that although the recanting witness' testimony was important, and the petitioner satisfied the "cause" prong of the state rule for not raising the issue in his direct appeal, there was still sufficient evidence in the record to support the petitioner's conviction and therefore the petitioner could not meet the "prejudice" requirement of the state court rule. On October 8, 1999, the Michigan Court of Appeals denied the petitioner's application for leave to appeal "for lack of merit in the grounds presented." *People v. Omar Sitto,* No. 220635 (Mich.Ct.App. Oct. 8, 1999). On March 28, 2000, the Michigan Supreme Court denied the petitioner's application for leave to appeal "because the defendant has failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." *People v. Omar Sitto,* No. 115690, 2000 WL 374959 (Mich.

Mar. 28, 2000). On April 12, 2000, the petitioner filed a timely motion for recon-sideration in the Michigan Supreme Court. There is no evidence in the record as to the disposition of this motion, although the petitioner alleges in his response to the motion to dismiss that the state post-con-viction proceedings terminated on June 26, 2000. As noted below, however, the amount of time between the initial leave denial by the Michigan Supreme Court and the disposition of the rehearing motion does not impact the timeliness of the habe-as petition in this court.

Sitto filed his petition for writ of habeas corpus through counsel in this Court on July 20, 2000. Included among the claims for relief is the following allegation:

> The Michigan courts' refusal to grant petitioner a hearing on his newly discov-ered evidence claims, or to set aside his conviction on the basis of evidence which established his innocence, denied him due process.

The petition also sets forth four other claims.

## II.

■ The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214, be-came effective on April 24, 1996, and gov-erns the filing date for the habeas applica-tion in this case because petitioner filed his petition after the effective date of the Act. *See Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a new one-year period of limita-tions for habeas petitions brought by pris-oners challenging state court judgments. *Matthews v. Abramajtys,* 39 F.Supp.2d 871, 873 (E.D.Mich.1999). The one year statute of limitations runs from the latest of:

> (A) the date on which the judgment be-came final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predi-cate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If a habeas peti-tion is filed outside the time period pre-scribed by this section, the petition must be dismissed. *Isham v. Randle,* 226 F.3d 691, 694–95 (6th Cir.2000), *cert. denied,* 531 U.S. 1201, 121 S.Ct. 1211, 149 L.Ed.2d 124 (2001) (case filed thirteen days after the limitations period expired dismissed for failure to comply); *Thomas v. Straub,* 10 F.Supp.2d 834, 835 (E.D.Mich.1998).

■ Although prisoners whose direct appeals concluded prior to the AEDPA's effective date have a one-year grace period to file their habeas petitions, *see Brown v. O'Dea,* 187 F.3d 572, 576–577 (6th Cir. 1999), when the "finality date" of the con-viction occurs after the effective date of the AEDPA, the commencement of the one-year filing period is measured by the criteria set forth in § 2244(d)(1)(A)-(D). A Michigan prisoner's conviction becomes "fi-nal" ninety days after the Michigan Su-preme Court renders its decision denying leave to appeal or on the merits, account-ing for the period within which the defen-dant may apply to the United States Su-preme Court for a writ of certiorari. If a certiorari petition is actually filed, then the

conclusion of Supreme Court proceedings establishes the finality date under § 2244(d)(1). 28 U.S.C. § 2244(d)(1)(A); Sup.Ct. R. 13(1); *Allen v. Hardy,* 478 U.S. 255, 258 n. 1, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986); *see Bronaugh v. Ohio,* 235 F.3d 280, 283 (6th Cir.2000).

Under this formula, Sitto's conviction became "final" on February 4, 1998, ninety days after the Michigan Supreme Court denied his leave application. He therefore had until February 4, 1999 to file his habe-as petition, unless the statute was tolled.

▮ Title 28, § 2244(d)(2) provides that: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." According-ing to *Austin v. Mitchell,* however, this section is ineffective to toll the statute unless the post-conviction papers are both "properly filed" and address "the pertinent judgment or claim." *Austin,* 200 F.3d at 394–95. An application for post-conviction relief is "properly filed" within the mean-ing of 28 U.S.C. § 2244(d)(2) if it is sub-mitted in accordance with the state's pro-cedural requirements, meaning the rules governing the time and place for filing. *Artuz v. Bennett,* 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). The applica-tion presents a "pertinent judgment or claim" if it "present[s] a federally cogniza-ble claim" that is also raised in the federal habeas petition. *Austin,* 200 F.3d at 394–95. A post-conviction motion "remains pending" during all intervals between state court actions and until the Michigan Su-preme Court decides or denies an appeal. *Matthews,* 39 F.Supp.2d at 874; *Hudson v. Jones,* 35 F.Supp.2d 986, 988–89 (E.D.Mich.1999). However, a petitioner is not allowed an additional ninety days—i.e., the time within which he could file a peti-tion for writ of certiorari in the United States Supreme Court—of tolling in the case of post-conviction motions. *See Is-ham,* 226 F.3d at 694–95 (holding that 28 U.S.C. § 2244(d)(2) does not toll the limita-tions period to take into account the time in which a defendant could have potentially filed for United States Supreme Court re-view of a denial of state collateral relief).

In this case, there is no dispute that if Sitto's post-conviction motion filed in the state trial court satisfies the requirements of 28 U.S.C. § 2244(d)(2) as interpreted by *Austin,* then his habeas petition must be considered timely in this Court. He filed his motion in state court on October 7, 1998, with about four months remaining on the federal habeas statute of limitation. Even if one computes the time limits from the Michigan Supreme Court's initial leave denial on March 28, 2000, his filing in this Court on July 20, 2000 would be timely.

But the state claims that the grounds in Sitto's state post-conviction do not encom-pass a federal constitutional claim, citing *Herrera v. Collins,* 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993), and therefore Sitto's post-conviction motion does not qualify as such under § 2244(d)(1). In *Herrera,* the Supreme Court reviewed a lower court ruling which dismissed a death row inmate's second habeas petition in which he claimed that it was not he, but his now-deceased brother, who had com-mitted the murder in that case. The Court held that a claim of actual innocence based on newly discovered evidence alone does not state a federal constitutional claim. *Id.* at 400, 113 S.Ct. 853. "Few rulings would be more disruptive of our federal system than to provide for federal habeas review of freestanding claims of actual innocence." *Id.* at 401, 113 S.Ct. 853. The Court clarified its position in *Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), explaining that actual innocence claims are relevant in fed-

eral habeas proceedings not as an independent claim for relief, but as a justification to overcome procedural obstacles to consideration of other federal constitutional violations that rendered a trial unfair. The Court distinguished between a free-standing, substantive claim of actual innocence and a procedural claim of actual innocence. *See id.* at 314, 115 S.Ct. 851.

██ In this case, whether one characterizes Sitto's claim of innocence as procedural or substantive, it was not characterized in the state post-conviction proceeding as a *federal* claim. Sitto's state court argument was based entirely on state rules. He cited no federal authority for the proposition that he should be permitted to prove his actual innocence at an evidentiary hearing, nor did he couch his argument for a new trial in terms of the federal Constitution or laws. Under even the most generous reading of the petitioner's state post-conviction papers, the Court cannot conclude that a federal claim, as contemplated by *Austin*, was presented to the state court.

██ Under the rule of *Austin*, then, the tolling provision of § 2244(d)(2) will not save Sitto's petition from untimeliness. However, the Sixth Circuit has recognized that the doctrine of equitable tolling applies to the one-year limitation period for habeas corpus petitions. *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir.), *cert. denied*, ── U.S. ──, 122 S.Ct. 649, 151 L.Ed.2d 566 (2001). "The federal courts sparingly bestow equitable tolling. Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir.2000) (citations omitted). When determining whether equitable tolling is appropriate, courts must consider: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Dunlap*, 250 F.3d at 1008.

▪██ In this case, the petitioner filed his state post-conviction motion on October 7, 1998, more than eighteen months before *Austin* was decided. Thus, the petitioner was ignorant of the impending requirement that he must choose to pursue his federal habeas remedies even before exhausting any remaining state law remedies that might be available. Nor is it reasonable to require the petitioner to have anticipated *Austin*'s novel reading of § 2244(d)(2). The *Austin* court's confounding of the requirements of exhaustion and tolling yields the conclusion that an "application for State post-conviction or other collateral review" must deal with "the pertinent ... claim [that] is pending" before the habeas court. But that construction ignores statutory language which includes the notion that a state post-conviction motion that challenges the *"judgment"* under attack in the habeas court is also included within § 2244(d)(1)'s scope. Thus, Sitto's reading of the plain language of the statute would not be cause for him to predict *Austin*'s holding.

Further, *Austin* has not been followed by any other circuit, and, indeed, it has been disapproved. *See Carter v. Litscher*, 275 F.3d 663, 665 (7th Cir.2001) (noting that *Austin* confuses exhaustion and tolling, and holding that a properly filed state post-conviction motion for relief tolls the one-year habeas statute of limitations even when no federal claim is raised in the post-conviction motion); *and Tillema v. Long*, 253 F.3d 494, 502 n. 10 (9th Cir.2001) (disapproving of *Austin* because it was not

faithful to the statutory text by not giving meaning to the word "judgment" in the statute).

Thus, this Court concludes that the petitioner was reasonably ignorant of *Austin*'s filing requirement, both actually and constructively, and reasonably remained so. Further, the petitioner was diligent in pursuing his claim. He met his state deadlines in pursuing post-conviction relief, and thereafter filed his habeas petition in this Court reasonably promptly, given his understanding of the tolling provisions of § 2244(d)(1). Finally, the Court finds no prejudice to the state inuring from the delay during which the state post-conviction motion remained pending, and the state has offered none.

The Court concludes, therefore, that this is a case in which it is appropriate to apply the doctrine of equitable tolling. The petition is considered timely filed, and the Court will deny the respondent's motion to dismiss.

### III.

Given the view that the state post-conviction motion did not raise a federal claim, the Court cannot conclude that the petitioner has exhausted his state court remedies with respect to his first claim in the habeas petition. That claim attacks the state judgment on the ground that the petitioner was denied due process in violation of the Fourteenth Amendment when the state failed to allow a hearing on his newly discovered evidence.

■ A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review

process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994). Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.1993). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on petitioner's claims." *Rust*, 17 F.3d at 160. A petitioner must present each ground to both appellate courts. *Welch v. Burke*, 49 F.Supp.2d 992, 998 (E.D.Mich.1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir.1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

■ As stated in *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts ... or that a somewhat similar state-law claim was made." A Michigan prisoner is required to raise each issue he seeks to present in the federal habeas proceeding before the Michigan Court of Appeals and the Michigan Supreme Court. *Hafley*, 902 F.2d at 483.

■ The petitioner did not advance a theory based on a violation of the Constitution or laws of the United States in his post-conviction motion, and therefore the Court cannot conclude that his first habeas issue was "fairly presented" to the state courts. The habeas petition, therefore, contains both exhausted and unexhausted claims.

■ Generally, a federal district court should dismiss a "mixed" petition for

a writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *see also Rust*, 17 F.3d at 160. Although the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *Granberry v. Greer*, 481 U.S. 129, 134–35, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987); *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir.1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *Witzke v. Withrow*, 702 F.Supp. 1338, 1348 (W.D.Mich.1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir.1987). A habeas petition may be denied on the merits, despite the petitioner's failure to exhaust state court remedies. 28 U.S.C. § 2254(b)(2).

In this case, the petitioner could return once again to the state court to raise his federal due process claim under Mich. Ct. R. 6.500 *et seq.* He will have to show cause for failing to raise his unexhausted claims on direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161–62, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195–96, 1196 n. 3 (6th Cir.1995); *Rust*, 17 F.3d at 160. The petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance.

■ A federal district court also has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir.1998). However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances, *Williams v. Vaughn*, 3 F.Supp.2d 567, 576 (E.D.Pa. 1998); *Parker v. Johnson*, 988 F.Supp. 1474, 1476 (N.D.Ga.1998), which the Court finds here.

■ In this case, the Court finds that a dismissal of the petition will render subsequent petitions in this court untimely. *See* 28 U.S.C. § 2244(d)(1). Although the petitioner filed his petition in this Court on July 20,2000, the Supreme Court has held that the filing of a federal habeas corpus petition does not trigger 28 U.S.C. § 2244(d)(2) to suspend the running of the one-year statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). However, the Supreme Court's decision in *Duncan* did not preclude the district courts from "retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies", or from "deeming the limitations period tolled for [a habeas] petition as a matter of equity." *Id.* at 2130 (Stevens, J., concurring). *See also Palmer v. Carlton*, 276 F.3d 777, 780–81 (6th Cir.2002) (implicitly adopting Justice Stevens' recommended course of action).

In this case, the outright dismissal of the petition, albeit without prejudice, may preclude consideration of the petitioner's claims in this Court due to the expiration of the statute of limitations, 28 U.S.C. § 2241(d)(1). To avoid injustice, the Court will allow the petitioner to chose either to amend his petition to delete the unexhaust-

ed claim, or return to state court to seek relief, in which case the Court will hold the present petition in abeyance. The petitioner must make this election, however, with dispatch. *See Palmer,* 276 F.3d at 781 (adopting the approach taken in *Zarvela v. Artuz,* 254 F.3d 374, 380–81 (2d Cir.), *cert. denied,* — U.S. —, 122 S.Ct. 506, 151 L.Ed.2d 415 (2001)).

## IV.

Accordingly, it is **ORDERED** that respondent's Motion to Dismiss [dkt # 13] is **DENIED.**

It is further **ORDERED** that the petitioner may either file an amended petition with this Court omitting the unexhausted claim or a motion for relief from judgment with the state court on or before **July 15, 2002.** If the petitioner fails to file either an amended petition or motion for relief by July 15, 2002, the Court will dismiss the petition for writ of habeas corpus without prejudice.

If the petitioner files a motion for relief, he shall notify this Court that such motion papers have been filed in state court. The case shall then be held in abeyance pending the petitioner's exhaustion of the unexhausted issues. The petitioner shall file an amended petition within 30 days after the conclusion of the state court proceedings. If the petitioner files an amended petition, the respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **twenty-one days** thereafter.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.