Perry JACKSON, Petitioner,

v.

Dennis STRAUB, Respondent.

No. 02–10260–BC.

United States District Court,
E.D. Michigan,
Northern Division.

March 17, 2004.

Perry Jackson, Jackson, MI, Pro Se, for Petitioner.

Brenda E. Turner, Laura G. Moody, Lansing, MI, for Respondent.

### OPINION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND GRANTING MOTION TO HOLD ANSWER IN ABEYANCE

LAWSON, District Judge.

The petitioner, Perry Jackson, presently confined at the Cotton Correctional Facility in Jackson, Michigan, filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 24, 2002. The respondent was ordered to answer and furnish Rule 5 materials by December 16, 2002. On the respondent's motion, that deadline was extended to March 17, 2003. Instead of answering the petition, the respondent filed a motion to hold his answer in abeyance, and a motion for summary judgment contending that the petitioner failed to comply with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). The petitioner filed a response to the summary judgment motion. The Court has accounted for all the time during which the petitioner's post-conviction motions were pending in state court, and concludes that the petition was filed timely. The Court, therefore, will deny the respondent's motion for summary judgment. The Court is persuaded that the motion to further delay filing the answer to the petition has merit, and it will be granted.

## I.

The petitioner pleaded guilty to one count of second-degree murder in the Berrien County, Michigan Circuit Court pursuant to a plea bargain with the Berrien County Prosecutor's office. Direct review of the petitioner's conviction ended in the Michigan courts on March 31, 1998, when the Michigan Supreme Court denied the petitioner leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals. *People v. Jackson*, 456 Mich. 953, 577 N.W.2d 687 (1998).

On April 14, 1999, the petitioner filed a post-conviction motion for relief from judgment pursuant to Mich. Ct. R. 6.500. Post-conviction review of the petitioner's conviction ended on October 30, 2000, when the Michigan Supreme Court denied the petitioner's application for leave to appeal the denial of his post-conviction motion by the trial court. *People v. Jackson*, 463 Mich. 905, 618 N.W.2d 912 (2000).

On January 22, 2001, the petitioner filed a motion for a new trial with the Berrien County Circuit Court, which was construed as a second motion for relief from judgment and denied. Appellate review of this second post-conviction motion concluded on July 29, 2002, when the Michigan Supreme Court denied the petitioner leave to appeal. *People v. Jackson*, 467 Mich. 855, 649 N.W.2d 79 (2002). The instant habeas petition was signed and dated September 24, 2002. Under the prison mailbox rule, this Court will assume that the petitioner actually filed his habeas petition on September 24, 2002, the date that it was signed and dated, despite the existence of some evidence that it may have been filed later with this Court. *See Neal v. Bock*, 137 F.Supp.2d 879, 882 n. 1 (E.D.Mich. 2001).

The petition and supporting brief raise the following issues:

I. PETITIONER WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS AND TO EQUAL PROTECTION OF THE LAW UNDER MICH[.] CONST[.] 1963, ART[.] 1, § 17, § 20; UNITED STATES CONSTITUTION AMS. V, XIV, WHERE THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED ERROR IN DENYING HIS MOTION FOR RELIEF FROM JUDGMENT AND REMAND FOR EVIDENTIARY HEARING, WHERE THERE WAS NEWLY DISCOVERED EVIDENCE WHICH SUPPORTED PETITIONER'S CONTENTIONS OF A COMBATIVE SITUATION AND WOULD HAVE NEGATED A 3 OFFENSE VARIABLE, AND WHERE THE EVIDENCE WAS NOT MERELY CUMULATIVE TO OTHER EVIDENCE.

II. PETITIONER WAS DEPRIVED OF CONSTITUTIONAL RIGHT TO DUE [PROCESS] AND TO EQUAL PROTECTION OF THE LAW UNDER MICH[.] CONST[.] 1963, ART[.] 1, § 17, § 20; UNITED STATES CONSTITUTIONAL AMENDMENT XIV, WHERE THE PROSECUTION FAILED TO KEEP ITS AGREEMENT ON THE RECOMMENDED SENTENCE, THUS, DENYING PETITIONER SPECIFIC PERFORMANCE, WHERE THE RECOMMENDED SENTENCE WAS 20 TO 25 YEARS, BUT WAS LATER CHANGED TO A LIFE SENTENCE BASED UPON AN AMENDED RECOMMENDATION BY THE PROSECUTOR; PETITIONER IS ENTITLED TO SPECIFIC PERFORMANCE OR SHOULD BE ALLOWED TO WITHDRAW HIS PLEA.

III. PETITIONER WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS AND TO EQUAL PROTECTION OF THE LAW UNDER MICH[.] CONST[.] 1963, ART[.] 1, § 17, § 20; UNITED STATES CONSTITUTION AMS. V, XIV, WHERE THE TRIAL COURT ABUSED I[T']S DISCRETION AND COMMITTED ERROR IN SCORING THE OFFENSE VARIABLE AT 3, WHERE THE KILLING OCCURRED IN A COMBATIVE SITUATION; WHERE PETITIONER PRESENTED EVIDENCE WHICH CONCLUSIVELY SHOWED THERE WAS A COMBATIVE SITUATION, PETITIONER WAS ENTITLED TO BE RE-SENTENCED.

IV. PETITIONER WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS AND TO EQUAL PROTECTION OF THE LAW UNDER MICH[.] CONST[.] 1963, ART 1, § 17, § 20; UNITED STATES CONSTITUTION AMS. VIII, XIV, WHERE HE WAS SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT, WHERE THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED ERROR WHEN IT DEPARTED FROM THE GUIDELINES AT HIS SENTENCING; WHERE THE COURT FAILED TO GIVE ADEQUATE REASONS FOR ITS SUBSTANTIAL DEPARTURE GIVING PETITIONER A LIFE SENTENCE.

V. PETITIONER DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS AND TO EQUAL PROTECTION OF THE LAW UNDER MICH[.] CONST[.] 1963, ART[.] 1, § 17, § 20; UNITED STATES CONSTITUTION AMS. V, XIV, WHERE HE WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL BEFORE AND DURING THE PLEA AND AT SENTENCING; WHERE TRIAL COUNSEL FAILED TO 1) PROPERLY INVESTIGATE THE CASE; 2) FAILED TO PROPERLY INVESTIGATE THE LEGAL ISSUES IN THE CASE; 3) FAILED TO ASSERT AVAILABLE AND VIABLE DEFENSES ON PETITIONER'S BEHALF; 4) COUNSEL FAILED TO OBJECT AND MOVE THAT PETITIONER BE ALLOWED TO WITHDRAW HIS [P]LEA, WHERE THE SENTENCE RECOMMENDATION WAS CHANGED FROM 10 TO 25 YEARS, AND WAS AMENDED AT SENTENCING TO A LIFE SENTENCE; 5) WHERE COUNSEL FAILED TO PRODUCE EVIDENCE BEFORE AND DURING THE SENTENCING TO SUPPORT HIS ARGUMENT THAT THERE WAS INDEED A COMBATIVE SITUATION WHICH WOULD HAVE LOWERED PETITIONER'S PSIR SCORING.

It appears that the petitioner exhausted his state remedies for each of these issues either in his direct appeal or in one of his two post-conviction motion proceedings. The respondent has not addressed the merits of these claims but rather relies solely on a procedural defense.

## II.

█ The respondent has filed a motion for summary judgment contending that the petition is untimely. Summary judgment is appropriate "if the pleadings, de-

positions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F.3d 846, 851 (6th Cir.2000) (quoting Fed.R.Civ.P. 56(c)). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Sanders,* 221 F.3d at 851. The summary judgment rule applies to habeas proceedings. *Harris v. Stegall,* 157 F.Supp.2d 743, 746 (E.D.Mich.2001).

■ The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214, became effective on April 24, 1996, and governs the filing date for the habeas application in this case because petitioner filed his petition after the effective date of the Act. *See Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a new, one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano,* 346 F.3d 598, 601 (6th Cir.2003). The one year statute of limitations runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A habeas petition filed outside the time period prescribed by this section must be dismissed. *Isham v. Randle,* 226 F.3d 691, 694–95 (6th Cir. 2000), *cert. denied,* 531 U.S. 1201, 121 S.Ct. 1211, 149 L.Ed.2d 124 (2001) (case filed thirteen days after the limitations period expired dismissed for failure to comply); *Wilson v. Birkett,* 192 F.Supp.2d 763, 765 (E.D.Mich.2002).

■ A Michigan prisoner's conviction becomes "final" ninety days after the Michigan Supreme Court renders its decision denying leave to appeal on direct appeal, accounting for the period within which the defendant may apply to the United States Supreme Court for a writ of certiorari. If a certiorari petition is actually filed, then the conclusion of Supreme Court proceedings establishes the finality date under § 2244(d)(1). 28 U.S.C. § 2244(d)(1)(A); Sup.Ct. R. 13(1); *Allen v. Hardy,* 478 U.S. 255, 258 n. 1, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986); *see Bronaugh v. Ohio,* 235 F.3d 280, 283 (6th Cir.2000).

In the present case, direct review of the petitioner's conviction ended when the Michigan Supreme Court denied him leave to appeal on March 31, 1998. Pursuant to *Bronaugh,* 235 F.3d at 283, the petitioner's judgment became final on June 29, 1998, since he did not file a petition for writ of certiorari in the United States Supreme Court. *See Thomas v. Straub,* 10 F.Supp.2d 834, 835 (E.D.Mich.1998).

The petitioner filed a state post-conviction motion for relief from judgment on April 14, 1999 after two hundred eighty-nine days had run on the one-year limitations period. The time during which a

properly filed application for collateral review is pending in the state courts is excluded from the one-year limitations period pursuant to 28 U.S.C. § 2244(d)(2). *See Carey v. Saffold,* 536 U.S. 214, 229, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002). The Michigan Supreme Court denied the petitioner's application for leave to appeal the denial of his motion for relief from judgment on October 30, 2000. The Sixth Circuit has held that the tolling period continues through the time the petitioner could have filed a petition for certiorari in the Supreme Court following the conclusion of the state post-conviction proceedings. *Abela v. Martin,* 348 F.3d 164, 172–73 (6th Cir.2003) (en banc) (holding that "under section 2244(d)(2), the statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case"). The running of the period of limitation would have resumed, therefore, on January 29, 2001.

However, the petitioner filed a second state post-conviction motion on January 22, 2001 before the one-year limitations period had resumed. The state trial court denied relief, and the Michigan Supreme Court eventually denied leave to appeal on July 29, 2002. Under the reasoning in *Abela,* the petitioner would have an additional ninety days before the statutory period (which still had seventy-six days remaining) recommenced, but he filed his habeas petition fifty-seven days later on September 24, 2002.

 The respondent contends that the second post-conviction motion did not operate to toll the limitation period because it did not raise a federally cognizable issue. According to *Austin v. Mitchell,* 200 F.3d 391 (6th Cir.1999), Section

2244(d)(2) is ineffective to toll the statute unless the post-conviction papers are both "properly filed" and address "the pertinent judgment or claim." *Austin,* 200 F.3d at 394–95. An application for post-conviction relief is "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) if it is submitted in accordance with the state's procedural requirements, meaning the rules governing the time and place for filing. *Artuz v. Bennett,* 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). The application presents a "pertinent judgment or claim" if it "present[s] a federally cognizable claim" that is also raised in the federal habeas petition. *Austin,* 200 F.3d at 394–95.

The petitioner's second post-conviction motion raised two issues, which he articulated as follows:

UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION, THIS TRIAL COURT MUST GRANT DEFENDANT'S MOTION FOR A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE WHERE JUSTICE HAS NOT BEEN DONE, OR AT A MINIMUM GRANT HIM A REMAND FOR AN EVIDENTIARY HEARING IN THIS MATTER, WHERE THE EVIDENCE PRESENTED IS SUCH THAT IT WOULD RENDER A DIFFERENT RESULT PROBABLE ON RETRIAL; WHERE THE EVIDENCE IS NOT MERELY CUMULATIVE TO OTHER EVIDENCE AND; WHERE DEFENDANT COULD NOT WITH REASONABLE DILIGENCE HAVE DISCOVERED AND PRODUCED THE EVIDENCE PRIOR TO OR DURING TRIAL OR THE PROCEEDINGS; REMAND IS WARRANTED.

UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE

UNITED STATES CONSTITUTION, DEFENDANT IS ENTITLED TO A REMAND TO EXPAND THE RECORD, MCR 6.507(A) AND TO RESENTENCING WHERE 1) THERE HAS BEEN NEWLY DISCOVERED EVIDENCE, WHICH UNDENIABLY AFFIRMS DEFENDANT'S CONTENTION THAT THERE WAS IN FACT A COMBATIVE SITUATION BETWEEN HIM AND THE DECEASED, SHINNARA BAILEY, 2) WHERE THIS COURT ERRONEOUSLY SCORED OV 3 AT 25 POINTS FOR A NONCOMBATIVE SITUATION, WHERE THE NEW EVIDENCE AND ADMISSION BY LEONARD WELBURN SHOWS THERE WAS IN FACT A COMBATIVE SITUATION, DEFENDANT CAN ONLY BE SCORED 10 POINTS, DEFENDANT MUST BE RESENTENCED; 3) WHERE THERE HAS BEEN A RETROACTIVE CHANGE IN THE LAW AFFECTING DEFENDANT'S SENTENCE, HE SHOULD BE RESENTENCED AND; 4) WHERE THE COURT ERRONEOUSLY SENTENCED DEFENDANT TO "NATURAL LIFE" IMPRISONMENT, HE MUST BE RESENTENCED.

The respondent contends that the gravamen of the petitioner's second motion presents a free-standing claim of actual innocence, which is insufficient to constitute a "federally cognizable claim" under *Austin.* The respondent cites *Herrera v. Collins,* 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993), for that proposition, and argues therefore that the petitioner's post-conviction motion does not qualify as such under Section 2244(d)(1). In *Herrera,* the Supreme Court reviewed a lower court ruling that dismissed a death row inmate's second habeas petition in which he claimed that it was not he, but his now-deceased brother, who had committed the murder in that case. The Court held that a claim of actual innocence based on newly discovered evidence alone does not state a federal constitutional claim. *Id.* at 400, 113 S.Ct. 853. "Few rulings would be more disruptive of our federal system than to provide for federal habeas review of freestanding claims of actual innocence." *Id.* at 401, 113 S.Ct. 853. The Court clarified its position in *Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), explaining that actual innocence claims are relevant in federal habeas proceedings not as independent claims for relief, but as a justification to overcome procedural obstacles to consideration of other federal constitutional violations that rendered a trial unfair. The Court distinguished between a freestanding, substantive claim of actual innocence and a procedural claim of actual innocence. *See id.* at 314, 115 S.Ct. 851.

This Court previously has held that a claim based on newly discovered evidence that invokes only state rules of procedure will not satisfy *Austin's* requirement that a post-conviction motion must include a federally cognizable claim. *See Sitto v. Bock,* 207 F.Supp.2d 668, 674 (E.D.Mich.2002) (observing that "Sitto's state court argument was based entirely on state rules. He cited no federal authority for the proposition that he should be permitted to prove his actual innocence at an evidentiary hearing, nor did he couch his argument for a new trial in terms of the federal Constitution or laws"). The habeas petition in that case raised a claim that the petitioner was denied his right under the Due Process Clause when the state failed to hold a hearing on his newly-discovered evidence. Since that claim was not presented previously to the state courts, this Court stayed the matter to permit the petitioner to return to state court to exhaust that claim. *Id.* at 675–76.

In contrast, the petitioner in this case based his newly-discovered-evidence argument in his second state court motion on the federal Due Process Clause. Unlike the petitioner in *Austin*, Jackson has included the precise issue raised in the second post-conviction motion among the grounds for relief advanced in his habeas petition. It is true that the prospect for success on that issue is quite remote in light of the rule laid down in *Herrera*. But the rule in *Austin* does not require the post-conviction motion to contain a *meritorious* federal issue in order to satisfy Section 2244(d)(2), only that the federal issue is "cognizable," that is, one that is within the jurisdiction of the court to adjudicate. That the Supreme Court has held that a free-standing claim of innocence in a non-capital case based on newly-discovered evidence lacks merit as a purported due process violation does not suggest that the district courts may not adjudicate such a claim in precisely that manner and deny it. The fault found with the post-conviction motion in *Austin* is that of the two claims in Austin's motions, one was based entirely on state law, and the other was not raised in the habeas petition. The petitioner's second post-conviction motion in this case suffers no such infirmities.

The Court concludes that the petitioner's second post-conviction motion was properly filed and included a federal claim that was incorporated in the habeas petition. The motion, therefore, continued to toll the period of limitation according to 28 U.S.C. § 2244(d)(2). When the time during which this second post-conviction was pending is excluded, the habeas petition was filed before the one-year period elapsed, and it was, therefore, timely.

### III.

■ Before *Abela* was decided, the petitioner would not have had the benefit of an additional ninety days of tolling following the conclusion of proceedings in state court on his first post-conviction motion. *See Isham v. Randle*, 226 F.3d 691 (6th Cir. 2000). The respondent's reliance on an apparent complete defense to the petition was therefore, perhaps, a reasonable alternative to answering the petition on the merits. This Court normally disapproves of the practice of bifurcating a response to a habeas petition in contravention of an order to answer, especially when additional time has been granted to permit compliance with such an order. A motion to hold an answer in abeyance raising the grounds set forth as in this case presents little more than a request to reconsider the order to answer and to seek more time to respond. In this case, however, the Court agrees that additional time to respond should be allowed due to the new rule announced in *Abela* and its construction of 28 U.S.C. § 2244(d)(2).

### IV.

The Court concludes that the petition for a writ of habeas corpus was filed in this case within the time permitted by 28 U.S.C. § 2244(d).

Accordingly, it is **ORDERED** that the respondent's motion for summary judgment [dkt # 8] is **DENIED.**

It is further **ORDERED** that the respondent's motion to hold answer in abeyance pending disposition of motion for summary judgment [dkt # 9] is **GRANTED.**

It is further **ORDERED** that the respondent shall file an answer addressing the merits of the petition for writ of habeas corpus on or before **April 14, 2004.**