RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0216P (6th Cir.)
File Name: 01a0216p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

―――――――――――

WILLIAM H. PAYTON,
     *Petitioner-Appellant,*

     *v.*

ANTHONY BRIGANO,
     *Respondent-Appellee.*

No. 00-3232

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 99-00388—James L. Graham, District Judge.

Argued: June 15, 2001

Decided and Filed: July 11, 2001

Before: BOGGS and SUHRHEINRICH, Circuit Judges;
CLELAND, District Judge.[*]

―――――――――――

**COUNSEL**

**ARGUED:** H. Louis Sirkin, SIRKIN, PINALES, MEZIBOV
& SCHWARTZ, Cincinnati, Ohio, for Appellant. Stephanie
L. Watson, OFFICE OF THE ATTORNEY GENERAL,

―――――――――――

[*] The Honorable Robert H. Cleland, United States District Judge for
the Eastern District of Michigan, sitting by designation.

1

CORRECTIONS LITIGATION SECTION, Columbus, Ohio, for Appellee. **ON BRIEF:** H. Louis Sirkin, Jennifer M. Kinsley, Laura A. Abrams, SIRKIN, PINALES, MEZIBOV & SCHWARTZ, Cincinnati, Ohio, for Appellant. Katherine E. Pridemore, OFFICE OF THE ATTORNEY GENERAL, CORRECTIONS LITIGATION SECTION, Cincinnati, Ohio, for Appellee.

———————————

## OPINION

———————————

SUHRHEINRICH, Circuit Judge. Petitioner William H. Payton appeals from the order of district court dismissing his petition for writ of habeas corpus under 28 U.S.C. § 2254 as time-barred by the one-year statute of limitations in 28 U.S.C. § 2244. We **AFFIRM.**

### I.

Payton was convicted of murder on August 10, 1993, and imprisoned. *See State v. Payton*, No. 930033CR (Ohio Ct. Comm. Pl. Aug. 27, 1993). He appealed. On August 8, 1994, the Court of Appeals for the Twelfth Appellate District of Ohio affirmed his conviction. *See State v. Payton*, No. CA93-12-028, 1994 WL 409621 (Ohio Ct. App. Aug. 8, 1994). On January 18, 1995, the Ohio Supreme Court dismissed his direct appeal for failure to state a substantial constitutional question. *See State v. Payton*, 644 N.E.2d 407 (Ohio 1995). Payton did not appeal to the United States Supreme Court.

Payton filed a petition for post-conviction relief in state court on September 23, 1996. The trial court granted summary judgment based on res judicata, and dismissed the petition on March 3, 1997. *See State v. Payton*, No. 930033CR (Ohio Ct. Comm. Pl. March 3, 1997). On December 22, 1997, the Twelfth District Court of Appeals affirmed the dismissal on other grounds. *See State v. Payton*, 706 N.E.2d 842 (Ohio Ct. App. 1997). Specifically, it held that the trial court erred by dismissing Payton's petition based

review, which did not conclude until the Ohio Supreme Court denied his petition on April 22, 1998. Thus, he claims that he had until April 22, 1999 to file his federal habeas corpus petition.

Payton's argument fails. Payton's ineffective assistance of trial counsel claim, albeit raised for the first time, was brought as part of the collateral proceedings, not the direct review process.[4] As such, it falls within the plain language of § 2244(d)(2), not § 2244(d)(1)(A).

### III.

The judgment of the district court is **AFFIRMED.**

———————————

[4] By contrast, a Rule 26(B) application claiming ineffective assistance of *appellate* counsel is considered a part of the direct appeal process under § 2244(d)(1)(A), rather than a form of postconviction relief or collateral review. *White v. Schotten*, 201 F.3d 743, 752-53 (6th Cir.), *cert. denied*, 121 S. Ct. 332 (2000) (observing that under *State v. Murnahan*, 584 N.E.2d 1204, 1208 (Ohio 1992), the Ohio courts do not consider an attack on the adequacy of appellate counsel to be proper in a state habeas proceeding). The statute of limitations for filing a federal habeas petition is tolled for the period of time in which the application under Ohio App. R. 26(B) is actually pending. *Bronaugh v. Ohio*, 235 F.3d 280, 285-86 (6th Cir. 2000); *see also Johnson v. United States*, 246 F.3d 655, 660 n.6 (6th Cir. 2001) (dicta) (same).

review." § 2244(d)(2). As the district court observed: "The plain language of the statute indicates that an application for state post conviction or other collateral relief does not serve to delay the date on which a judgment becomes final. Rather, such limitations merely toll the running of the statute of limitations. § 2244(d)(2)." In short, the statute makes a clear distinction between the conclusion of direct appeals and post-conviction relief. Payton's assertions to the contrary are unpersuasive. Payton's argument is without merit.

**B.**

Payton also asserts that the period for petitioning the United States Supreme Court for a writ of certiorari extends the start date of the one-year period for seeking post-conviction relief under § 2244(d)(2). We recently rejected this argument in *Isham. See Isham,* 226 F.3d at 695 (holding that "§ 2244(d) does not toll the limitations period to take into account the time in which a defendant could have potentially filed a petition for certiorari with the United States Supreme Court, following a state court's denial of post-conviction relief").[3]

Even if the ninety days were added to the tolling time, Payton still filed his petition out of time. That is, even if the ninety-day period were added to the tolling period, Payton's petition would have been due before February 21, 1999, (ninety days after the November 21, 1998 deadline).

**C.**

Alternatively, Payton argues that he satisfied the statute of limitations requirement because his ineffective assistance of trial counsel claim, inasmuch as it was properly raised for the first time during collateral attack, was still in a stage of direct

---

[3]In contrast, under § 2244(d)(1)(A), the one-year statute of limitations does not begin to run until the time for filing a petition for writ of certiorari for direct review in the United States Supreme Court has expired. *Isham,* 226 F.3d at 694-95; *Bronaugh v. United States,* 235 F.3d 280, 283 (6th Cir. 2000).

---

on res judicata, because he did not have new counsel on appeal[1], but that Payton had failed to submit sufficient evidence to demonstrate substantive grounds for relief. On April 22, 1998, the Ohio Supreme Court declined to exercise its discretionary jurisdiction over the petition, holding that it failed to state a substantial constitutional question. *See State v. Payton,* 692 N.E.2d 617 (Ohio 1998).

Payton filed this federal habeas petition on April 21, 1999. The district court dismissed it on February 9, 2000, as time-barred by the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1). The district court determined that, because Payton's case was decided prior to the adoption of AEDPA, his one-year clock started running on April 24, 1996, the date the AEDPA was passed. The court further reasoned that, under the AEDPA's statute of limitations provisions, Payton's motions for post-conviction relief in state court merely tolled, rather than reset, that one-year clock. After subtracting the time during which Payton had post-conviction actions pending in state-court from the one-year period ending April 23, 1997, the court held that Payton's federal petition was due on or before November 23, 1998. Payton's April 21, 1999 filing was therefore untimely.

Payton filed a notice of appeal on February 17, 2000. The district court subsequently certified the question of whether Payton's petition was filed within the AEDPA's statute of limitations. The case was then remanded to the district court for consideration in light of *Slack v. McDaniel,* 529 U.S. 473

---

[1]The Ohio Supreme Court has recognized that since an attorney cannot be expected to assert his own ineffectiveness, res judicata does not bar a petitioner represented by the same counsel at trial and on direct appeal from raising an ineffective assistance of counsel claim in his postconviction proceeding. *See State v. Cole,* 443 N.E.2d 169 (Ohio 1982) (syllabus).

(2000).[2]    A new certificate of appealability was issued on June 28, 2000.  Thus, the question certified on appeal is whether Payton's petition for writ of habeas corpus was filed within the one-year statute of limitations established by 28 U.S.C. § 2244(d).

## II.

Section 2254 authorizes a federal court to grant a writ of habeas corpus to state prisoners if they are held "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  This court reviews a district court's decision in a habeas proceeding de novo.  *Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000), *cert. denied*, 121 S. Ct. 1415 (2001).

AEDPA states that a "1 year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. §2244(d)(1).  The statute of limitations begins to run from the latest of four circumstances, one of which is the "date on which the judgment became final by the conclusion of direct review or expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The one-year period is tolled, however, for that amount of time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

This Court has held that a petitioner whose conviction became final prior to the effective date of the AEDPA, like Payton, has one year from the effective date, or until April 24,

---

[2]*Slack* holds that where a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, in order for a certificate of appealability to issue, the petitioner must show that reasonable jurists would find it debatable (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the district court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

1997, within which to file a petition for writ of habeas corpus.  *Searcy v. Carter,* 246 F.3d 515, 517 (6th Cir. 2001); *Isham v. Randle,* 226 F.3d 691, 693 (6th Cir. 2000), *cert. denied*, 121 S. Ct. 1211 (2001); *Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999), *vacated on other grounds by Brown v. O'Dea*, 530 U.S. 1257, 120 S. Ct. 2175 (2000).

With the one-year grace period given to pre-AEDPA cases, Payton had until April 24, 1997 to file his habeas petition or collateral action.  Payton filed a motion for post-conviction relief on September 23, 1996, during the one-year grace period, thereby tolling the limitations period under 28 U.S.C. § 2244(d)(2).  Thus, at that point 152 days had run (April 24, 1996 to September 23, 1996 equals 152 days).  The clock did not begin to run again until April 22, 1998, when the Ohio Supreme Court denied Payton's appeal.  Payton then had 213 days left to file his habeas petition (365 days in one year minus 152 days that had already run equals 213 days remaining).  Payton therefore had until November 21, 1998 to file the instant habeas petition.  However, he did not file his federal habeas petition until April 21, 1999, well beyond the one-year limitations period.  Thus, the district court did not err in holding that Payton's petition was barred under the one-year statute of limitations found in § 2244(d).

## A.

In an attempt to circumvent this procedural bar, Payton makes several arguments.  First, he contends that because a petitioner is required to exhaust state court remedies, it is implicit in the exhaustion doctrine that the limitation period does not begin to run until a petitioner has exhausted all of his state post-conviction remedies.  However, the language of the statute is clear:  Section § 2244(d)(1)(A) provides that the statute of limitations begins to run from "the date on which the judgment became *final by conclusion of direct review* or the expiration of the time for seeking such review."  § 2244(d)(1)(A) (emphasis added).  By contrast, the tolling provision, § 2244(d)(2), specifically references "properly filed application[s] for State post-conviction or other collateral