632 N.W.2d 494 (2001)
ALexander BOLT, Plaintiff-Appellant,
v.
CITY OF LANSING, Defendant-Appellee.
No. 115739, COA No. 192944.
Supreme Court of Michigan.
July 17, 2001.
On order of the Court, the motion for reconsideration of the order of May 15, 2001 is considered and it is DENIED, there being no majority of the Court in favor of granting relief thereon.
MICHAEL F. CAVANAGH, WEAVER and MARILYN J. KELLY, JJ., would grant reconsideration.
CORRIGAN, C.J., and TAYLOR and YOUNG, Jr., JJ., would deny reconsideration.
MARKMAN, J., not participating.
WEAVER, J., states:
I would grant reconsideration. As I stated in my dissent to the original order issued by this Court on May 15, 2001:
I dissent from the order because I believe this important taxpayer's rights case warrants an opinion. I disagree with the Court of Appeals holding that our first opinion in this matter was entitled only to prospective application. Further, I agree with the conclusion made by then-Judge Markman in his dissenting opinion that effective enforcement of the Headlee Amendment requires that the city of Lansing taxpayers receive full refunds of the illegally collected rain taxes. [ Bolt v. City of Lansing, 464 Mich. 854, 626 N.W.2d 394 (2001).]
MARILYN J. KELLY, J., states:
I would grant reconsideration and, on reconsideration, would reverse the Court of Appeals decision below. I disagree with the Court of Appeals majority's holding that our decision in Bolt v. City of Lansing, 459 Mich. 152, 587 N.W.2d 264 (1998), was entitled only to prospective application. I disagree, also, with the Court of Appeals majority's conclusion that plaintiff was not entitled to a general refund for others who paid the tax. I believe that effective enforcement of the Headlee Amendment requires that the city of Lansing taxpayers receive full refunds of the rain tax that was illegally collected. My position on the motion for reconsideration is unchanged from my earlier position, although it was not reflected in this Court's order of May 15, 2001.
MICHAEL F. CAVANAGH, J., concurs with Justice MARILYN J. KELLY's dissenting statement.