632 N.W.2d 494 (2001)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
James N. YANT, Defendant-Appellant.
No. 109821, COA No. 177846.
Supreme Court of Michigan.
July 18, 2001.
As Amended July 25, 2001.

AMENDED ORDER
On order of the Court, the order of July 18, 2001 is amended to reflect a correction *495 in the statement by Taylor, J. The full order now reads as follows:
On order of the Court, leave to appeal having been granted and this case having been briefed and orally argued, the order of October 30, 2000, which granted leave to appeal is VACATED, and leave to appeal is DENIED because the Court is no longer persuaded that the questions presented should be reviewed by this Court.
MARKMAN, J., states:
Although I share much of the dissent's concerns regarding the propriety of aspects of the assistant prosecutor's conduct, I am unable to conclude, under all of the circumstances, that a reversal is warranted because of such conduct. Accordingly, I concur in the order vacating the order of October 30, 2000, which granted leave to appeal, and denying leave to appeal.
TAYLOR, J., (dissenting).
I dissent from the Court's order. I would reverse defendant's convictions and remand for a new trial because the improper questioning and argument by the prosecution denied defendant his constitutionally guaranteed right to a fair trial.
1. While cross-examining defendant the prosecutor asked if it would surprise him to learn the police had an informer that was working on him and that "they" were going to bust him for the marijuana. The prosecutor then asked defendant if it would surprise him to know that this informer also indicated he carried a .25 caliber handgun. This questioning was highly improper because the informant was never produced at trial. Thus, the defendant was denied his constitutionally guaranteed right to confront his accusers, i.e., defendant had no opportunity to cross-examine the unnamed witness. Moreover, the prosecutor conceded at a later evidentiary hearing that she did not even know who the informant was.
2. The prosecution also asked defendant the following question:
The other attorney who withdrew and refused to represent you correct?
This question was improper because it insinuated to the jury that defendant's first attorney had withdrawn and refused to represent him.
3. The prosecution further asked defendant a question asserting that Officer Underwood contradicted part of defendant's testimony. However, the evidentiary hearing demonstrated that the question actually communicated facts to the jury that were not true and that defendant's testimony had been correct.
4. In her closing argument the prosecutor stated as follows in attempting to explain that there was no tearing in the victim's genital area:
But, take it from someone who knows, who has seen these cases. This doesn't happen. There isn't always physical evidence.
This was improper because it was akin to the prosecutor testifying to the jury.
I would reverse and remand for a new trial because I am unable to conclude that the errors were harmless beyond a reasonable doubt.
MICHAEL F. CAVANAGH and MARILYN J. KELLY, JJ., join in the statement of TAYLOR, J.