John HILL, Petitioner–Appellant,

v.

Michael RANDLE, Warden, Respondent–Appellee.

No. 00–4168.

United States Court of Appeals, Sixth Circuit.

Nov. 7, 2001.

Before SUHRHEINRICH and COLE, Circuit Judges; COLLIER, District Judge.*

John Hill, an Ohio prisoner proceeding pro se, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 28, 1994, Hill pled guilty to charges of involuntary manslaughter, two counts of tampering with evidence, and obstructing justice. On April 29, 1994, Hill was sentenced to serve five to twenty-five years of imprisonment for involuntary manslaughter, two years of imprisonment for each of the tampering with evidence counts, and one and one-half years of imprisonment for obstructing justice, to run concurrently. Hill did not directly appeal his convictions.

After unsuccessfully pursuing various forms of post-conviction relief, Hill filed a § 2254 habeas corpus petition, in which he alleged thirty grounds for relief. The district court dismissed Hill's petition based upon its conclusion that grounds one through four and fourteen through twenty-seven were time-barred and grounds five through thirteen and twenty-eight through thirty were not cognizable in a federal habeas corpus proceeding. The district court issued a certificate of appealability with respect to its dismissal of grounds one through four and fourteen through twenty-seven. Hill filed a timely notice of appeal. He requests oral argument.

We review de novo the district court's disposition of a habeas corpus petition.

*Payton v. Brigano*, 256 F.3d 405, 407–08 (6th Cir.2001). The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations period during which a § 2254 federal habeas corpus petition must be filed. 28 U.S.C. § 2244(d)(1). The AEDPA statute of limitations begins to run from the latest of four circumstances, one of which is "the date on which the [state court] judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). The one-year period of limitations is tolled, however, by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

The AEDPA became effective on April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 322, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Habeas corpus petitioners, whose state convictions were concluded by direct review prior to the effective date of the AEDPA, are afforded a one-year grace period, until April 24, 1997, in which to file a § 2254 petition. *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir.1999), *cert. denied*, 530 U.S. 1210, 120 S.Ct. 2211, 147 L.Ed.2d 244 (2000). This one-year grace period is tolled by any time spent pursuing properly filed state post-conviction or other collateral review proceedings. *Id.*

Upon review, we conclude that the district court properly dismissed Hill's habeas corpus petition as untimely. *See Payton*, 256 F.3d at 407–08. Hill's state court convictions became final prior to the effective date of the AEDPA. Thus, Hill is allowed one year from the effective date of the AEDPA, or until April 24, 1997, to file his habeas corpus petition. *See Austin*, 200 F.3d at 393. Hill's habeas corpus petition

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

**496**

was not signed until November 1, 1999, *see Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), well beyond the one-year grace period for filing such a petition.

 Although Hill filed various post-conviction pleadings in the state courts during the one-year grace period, such pleadings do not toll the statute of limitations in Hill's favor. Hill's motion to withdraw his guilty plea and motion for leave to file a delayed petition for post-conviction relief do not toll the statute of limitations because they were not "properly filed" within the meaning of § 2244(d)(2). *See Artuz v. Bennett,* 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). Hill's motion for leave to file a delayed appeal and the motions for a new trial do not toll the statute of limitations because they were filed after the one-year limitations period expired on April 24, 1997. *See Webster v. Moore,* 199 F.3d 1256, 1259 (11th Cir.), *cert. denied,* 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000).

Despite Hill's argument to the contrary, § 2244(d)(1)(D) does not apply to the facts of this case because Hill failed to demonstrate that he could not have discovered the factual basis of his claims until November 15, 1996. Furthermore, even if the AEDPA's statute of limitations could be excused because of a petitioner's actual innocence, Hill has not submitted any new evidence demonstrating his innocence. *See Schlup v. Delo,* 513 U.S. 298, 327–30, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Finally, there is no basis upon which to invoke the doctrine of equitable tolling under the circumstances of this case. *See Dunlap v. United States,* 250 F.3d 1001, 1010 (6th Cir.2001) (habeas corpus petition filed pursuant to § 2255).

Accordingly, the request for oral argument is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.