**James GULLATT, Petitioner–Appellant,**

v.

**S.L. BURT, Warden, Respondent–Appellee.**

**No. 02–1035.**

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2002.

Before SUHRHEINRICH and BATCHELDER, Circuit Judges; LITTLE, District Judge.*

---

* The Honorable F.A. Little, Jr., United States District Judge for the Western District of Louisiana, sitting by designation.

James Gullatt, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On September 13, 1994, a jury found Gullatt guilty of first degree murder and possession of a firearm during the commission of a felony. Gullatt was sentenced to serve two years of imprisonment for possession of the firearm and life imprisonment for murder, to run consecutively in that order. The Michigan Court of Appeals affirmed Gullatt's convictions on December 17, 1996. On November 7, 1997, the Michigan Supreme Court denied Gullatt's delayed application for leave to appeal.

On April 9, 1998, Gullatt signed and dated a habeas corpus petition, which was filed in federal court on April 27, 1998. Gullatt subsequently filed a motion to voluntarily dismiss that petition. On February 23, 1999, Gullatt's habeas corpus petition was dismissed without prejudice by the federal court.

While his first federal habeas corpus petition was pending, Gullatt filed a post-conviction motion for relief from judgment, which was denied by the trial court on December 8, 1998. The Michigan Court of Appeals dismissed Gullatt's delayed application for leave to appeal the trial court's denial of his motion on March 14, 2000. On November 29, 2000, the Michigan Su-

preme Court denied Gullatt's delayed application for leave to appeal.

In the instant § 2254 petition for a writ of habeas corpus, signed on October 7, 2001, and filed on October 16, 2001, Gullatt raised five grounds for relief. The district court dismissed Gullatt's habeas corpus petition, concluding that the petition was barred by the applicable statute of limitations. Construing Gullatt's notice of appeal as a request for a certificate of appealability, the district court granted a certificate of appealability "as to whether the Court was correct in its procedural ruling." Gullatt requests oral argument in his appellate brief.

We review de novo the district court's disposition of a habeas corpus petition. *Payton v. Brigano,* 256 F.3d 405, 407–08 (6th Cir.2001). Such review indicates that the district court properly dismissed Gullatt's petition.

The Antiterrorism and Effective Death Penalty Act contains a one-year statute of limitations period during which a § 2254 federal habeas corpus petition must be filed. 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run from the latest of four circumstances, one of which is "the date on which the [state court] judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). The ninety-day period during which a petitioner may seek review of his conviction in the United States Supreme Court is counted under § 2244(d)(1)(A). *Lambrix v. Singletary,* 520 U.S. 518, 527, 117 S.Ct. 1517, 137 L.Ed.2d 771 (1997); *Isham v. Randle,* 226 F.3d 691, 695 (6th Cir.2000). The one-year period of limitations is tolled, however, by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Upon review, we conclude that the district court properly dismissed Gullatt's habeas corpus petition as untimely. Gullatt's state court convictions became final on February 7, 1998, ninety days after the Michigan Supreme Court denied his application for leave to appeal on November 7, 1997. Thus, Gullatt had one year from February 8, 1998, *see Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir.2000), or until February 8, 1999, to file his habeas corpus petition. *See* 28 U.S.C. § 2244(d)(1). Gullatt's habeas corpus petition was not signed until October 7, 2001, *see Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), well beyond the one-year time period permitted for filing such a petition.

Although the statute of limitations was tolled during the pendency of Gullatt's post-conviction proceedings, his petition remains time-barred. Under the most generous calculation, 60 days of the limitations period had elapsed when Gullatt filed his post-conviction motion for relief from judgment. The post-conviction proceedings concluded on November 29, 2000, when the Michigan Supreme Court denied Gullatt's delayed application for leave to appeal. The statute of limitations began to run again on November 30, 2000, and expired 305 days later. Since Gullatt did not file his federal habeas corpus petition within those 305 days, or by September 30, 2001, his petition is time-barred.

The arguments asserted by Gullatt in his appellate brief do not compel a different result. First, there is no basis upon which to invoke the doctrine of equitable tolling under the circumstances of this case. *See Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.2001) (habeas corpus petition filed pursuant to § 2255). Second, the district court did not miscalculate the statute of limitations period by determining that the filing date of Gullatt's

first federal habeas corpus petition was April 9, 1998, instead of April 27, 1998. *See Houston,* 487 U.S. at 270, 108 S.Ct. 2379; *In re Sims,* 111 F.3d 45, 47 (6th Cir.1997). Third, the particular provision of Fed.R.Civ.P. 6(a) upon which Gullatt relies is inapplicable to this case.

Accordingly, the request for oral argument is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.