Gregory Alan **FERQUERON**, Petitioner–Appellant,

v.

Dennis **STRAUB**, Respondent–Appellee.

No. 02–1753.

United States Court of Appeals, Sixth Circuit.

Dec. 13, 2002.

Before BATCHELDER and MOORE, Circuit Judges;  and COLLIER, District Judge.*

### ORDER

Gregory Alan Ferqueron, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.  Upon examination, this panel unanimously agrees that oral argument is not needed.  Fed. R.App. P. 34(a).

On August 31, 1992, Ferqueron pled no contest to two counts of felonious assault. Ferqueron was sentenced to serve 120 days in jail. Ferqueron did not appeal his convictions.

On February 19, 1998, Ferqueron filed a motion for relief from judgment, which was denied by the trial court.  The Michigan Court of Appeals denied Ferqueron's delayed application for leave to appeal on August 21, 2000, and denied his motion for rehearing on October 24, 2000.  On March 27, 2001, the Michigan Supreme Court denied Ferqueron's delayed application for leave to appeal.

In his § 2254 petition for a writ of habeas corpus, signed on March 31, 2001, and filed on April 10, 2001, Ferqueron raised the following ground for relief;  his no contest plea was invalid because his wife coerced and tricked him into so pleading, he was under the influence of prescription drugs when he entered the plea, and his trial counsel's advice to enter the plea was erroneous and constituted ineffective assistance of counsel.

Straub filed an answer to the petition, to which Ferqueron responded.  The district court dismissed Ferqueron's habeas corpus petition, concluding that Ferqueron's claims are procedurally defaulted and that the court lacked jurisdiction over the petition because Ferqueron is not "in custody" for the convictions under attack.  Ferqueron's motions for reconsideration were denied.  The district court subsequently granted Ferqueron's motion for a certificate of appealability.

We review de novo the district court's disposition of a habeas corpus petition. *Payton v. Brigano*, 256 F.3d 405, 407–08 (6th Cir.2001).

A habeas corpus petitioner must be "in custody" pursuant to a state conviction when the petition is filed in order to vest

---

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

the district court with jurisdiction. 28 U.S.C. § 2254(a); *Maleng v. Cook,* 490 U.S. 488, 490, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). When a petitioner's sentence for a conviction has fully expired, the conviction may not be directly challenged because the petitioner is no longer "in custody" pursuant to that conviction. *Lackawanna County Dist. Attorney v. Coss,* 532 U.S. 394, 401, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001). The collateral consequences of a conviction for which the sentence has completely expired are insufficient to render a petitioner "in custody" under § 2254(a). *Maleng,* 490 U.S. at 492, 109 S.Ct. 1923.

A petitioner satisfies the "in custody" requirement by directly attacking a sentence that he is currently serving. *Lackawanna,* 532 U.S. at 401–02, 121 S.Ct. 1567. However, when a petitioner's current sentence has been enhanced by a prior conviction, for which the sentence imposed has completely expired, the petitioner may not attack the prior conviction indirectly through an attack upon his current sentence if the prior conviction is no longer subject to challenge of its own accord. *Id.* at 403–04, 121 S.Ct. 1567.

■■■■ Upon review, we conclude that the district court properly dismissed Ferqueron's habeas corpus petition for lack of jurisdiction. Ferqueron may not directly attack his 1992 convictions for felonious assault through the instant petition because he is no longer "in custody" pursuant to those convictions, whose sentences have expired. *See* 28 U.S.C. § 2254(a); *Lackawanna,* 532 U.S. at 401, 121 S.Ct. 1567. Furthermore, even if Ferqueron's petition is construed as an attack upon his current sentence, which was enhanced by his prior 1992 convictions, he may not collaterally attack his 1992 convictions because those convictions are conclusively valid and are no longer subject to challenge in their own right. *See Lackawanna,* 532 U.S. at 403–04, 121 S.Ct. 1567. Thus, Ferqueron may not use the instant § 2254 petition as a vehicle to challenge his 1992 convictions, for which the sentences have fully expired.

There are two possible exceptions to the general rule espoused in *Lackawanna;* however, Ferqueron does not fall within either exception. First, Ferqueron's 1992 convictions were not obtained in the absence of counsel, as Ferqueron was represented by counsel during the 1992 plea proceedings. *See id.* at 404, 121 S.Ct. 1567. Second, Ferqueron had an available forum for review of the prior convictions, of which he availed himself, in that he sought post-conviction relief. *See id.* at 405–06, 121 S.Ct. 1567.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.