Anthony BOYD, Petitioner–Appellant,

v.

Kenny ROBINSON, Warden, Respondent–Appellee.

No. 01–2683.

United States Court of Appeals, Sixth Circuit.

Feb. 18, 2003.

Before SILER and ROGERS, Circuit Judges; and GWIN, District Judge.*

### ORDER

Anthony Boyd, a Michigan prisoner proceeding pro se, appeals a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On May 6, 1994, a jury found Boyd guilty of second-degree murder and felony firearm. Boyd was sentenced to serve two years of imprisonment for felony firearm and twenty to forty years of imprisonment for murder, to be served consecutively in that order. The Michigan Court of Appeals affirmed Boyd's convictions on July 23, 1996, and denied his petition for rehearing on October 4, 1996. On July 25, 1997, the Michigan Supreme Court denied Boyd's application for leave to appeal. Boyd did not pursue post-conviction relief.

In his § 2254 petition for a writ of habeas corpus, signed on September 15, 2000, and filed on October 19, 2000, Boyd raised eight grounds for relief. A magistrate judge filed a report recommending that Robinson's motion for summary judgment be granted based upon the magistrate judge's determination that Boyd's petition was barred by the AEDPA's statute of limitations. Over Boyd's objections, the district court accepted the magistrate judge's report and recommendation and denied Boyd's habeas corpus petition. Boyd filed a notice of appeal. The district court subsequently denied Boyd's motion for reconsideration and granted a certificate of appealability "on the question of whether [Boyd's] counsel's outrageous behavior provides a basis for equitable tolling of the statute of limitations for his habeas petition." Boyd's motion to alter or amend the judgment was subsequently denied by the district court.

We review de novo the district court's disposition of a habeas corpus petition. *Cook v. Stegall,* 295 F.3d 517, 519 (6th Cir.2002); *Payton v. Brigano,* 256 F.3d 405, 407–08 (6th Cir.2001). Such review indicates that the district court properly denied Boyd's petition.

The AEDPA contains a one-year statute of limitations period during which a § 2254 federal habeas corpus petition must be filed. 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run from the latest of four circumstances, one of which is "the date on which the [state court] judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). The ninety-day period during which a petitioner may seek review of his conviction in the United States Supreme Court is counted under § 2244(d)(1)(A). *Lambrix v. Singletary,* 520 U.S. 518, 527, 117 S.Ct. 1517, 137 L.Ed.2d 771 (1997); *Isham v. Randle,* 226 F.3d 691, 695 (6th Cir.2000). The one-year period of limitations is tolled, however, by the amount of time that "a properly filed application for State post-conviction or oth-

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

er collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Boyd's state court convictions became final on October 25, 1997, ninety days after the Michigan Supreme Court denied his application for leave to appeal on July 25, 1997. Thus, Boyd had one year from October 26, 1997, *see Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir.2000) (the one-year statute of limitations begins to run the day after a petition for writ of certiorari was due in the United States Supreme Court), or until October 26, 1998, to file his habeas corpus petition. *See* 28 U.S.C. § 2244(d)(1). Boyd's habeas corpus petition was not signed until September 15, 2000, *see Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), well beyond the one-year time period permitted for filing such a petition.

Boyd argues that the one-year limitations period should be equitably tolled due to retained counsel's failure to perfect and file a state post-conviction motion on his behalf. The one-year statute of limitations period set forth in § 2244(d) is subject to equitable tolling. *See Dunlap v. United States,* 250 F.3d 1001, 1004–07 (6th Cir. 2001) (habeas corpus petition filed pursuant to § 2255). However, "equitable tolling relief should only be granted sparingly" and the applicability of such relief "must be decided on a case-by-case basis." *Cook,* 295 F.3d at 521.

Upon review, we conclude that Boyd is not entitled to equitable tolling of the AEDPA's statute of limitations. First, Boyd does not argue that he was unaware of the time limitation for filing his federal habeas corpus petition. Second, despite his argument to the contrary, Boyd made no showing that he exercised diligence in pursuing § 2254 habeas corpus, as opposed to state post-conviction, relief. Third, there is no evidence that counsel's alleged conduct prevented Boyd from filing his habeas corpus petition prior to the expiration of the AEDPA's statute of limitations.

We further conclude that equitable tolling is not warranted in this case based upon Boyd's contention that he is actually innocent of the crime for which he was convicted. In order to assert a colorable showing of actual innocence, Boyd must present "new reliable evidence" demonstrating his innocence "that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Even if the AEDPA's statute of limitations could be excused because of a petitioner's actual innocence, Boyd, admittedly, has not submitted any new reliable evidence demonstrating his innocence.

Boyd's habeas corpus petition is barred by the AEDPA's statute of limitations. Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.