James Andrew MILLER, Petitioner–Appellant,

v.

Patti WEBB, Warden, Respondent–Appellee.

No. 02–6253.

United States Court of Appeals, Sixth Circuit.

Aug. 7, 2003.

Before RYAN and BOGGS, Circuit Judges; and ROSEN, District Judge.*

### ORDER

This is an appeal from a district court judgment denying the relief sought in a petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, Kentucky inmate James Miller filed a § 2254 petition in which he raised challenges to his 1996 conviction for first degree murder, kidnaping, criminal trespass and related theft offenses. The Attorney General of Kentucky responded with a motion for summary judgment that the district court granted.

In general, this court reviews de novo the district court's disposition of a habeas corpus petition. *Payton v. Brigano,* 256 F.3d 405, 407–08 (6th Cir.2001), *cert. denied,* 534 U.S. 1135, 122 S.Ct. 1081, 151 L.Ed.2d 981 (2002). A writ of habeas corpus will not be granted "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim" resulted in an unreasonable application of federal law or an unreasonable determination of facts based upon the evidence presented to the state courts. 28 U.S.C. § 2254(d)(1) and (2). When a "state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice . . . or demonstrate that failure to consider the claims will result in a

fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *see also Lott v. Coyle,* 261 F.3d 594, 601 (6th Cir.2001). A de novo review of this appeal supports the district court's conclusion that application of a state procedural rule bars federal habeas consideration of Miller's claims.

In 1994, Miller was arrested by Kentucky state authorities and charged with having illegally entered a man's home, killing him, taking his wallet and truck, and kidnaping another person. Miller's case was transferred back and forth between two different Kentucky courts in an effort to ascertain whether he should (or could) be tried as a youthful offender. The result of these proceedings was that Miller was indicted for murder, burglary, robbery, kidnaping and theft by unlawful taking. On June 16, 1995, following his guilty plea, Miller was convicted on all counts and given a life sentence. Miller did not take a direct appeal from this conviction. Instead, Miller filed a collateral challenge to his conviction on February 8, 1999, in Kentucky state court. The trial court in which Miller filed his motion concluded that the motion was untimely under Kentucky law and declined to review the merits of the motion. The Kentucky Court of Appeals affirmed this decision in an opinion that addressed at least one issue on the merits, but ultimately concluded that the district court correctly found Miller's entire post-conviction motion untimely under Kentucky law. The Supreme Court of Kentucky subsequently issued a one-sentence order declining to review the decision of the Kentucky Court of Appeals.

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

Miller filed the present § 2254 petition raising constitutional challenges to his 1995 conviction on January 30, 2003. The Attorney General of Kentucky moved to dismiss the petition or, in the alternative, for summary judgment. The primary basis for the motion was that Miller's claims could not be considered in federal habeas corpus owing to the un-excused state court procedural default. The district court agreed and granted the motion for summary judgment.

The district court's decision is correct. Where a post-conviction claim has been presented to a state court, and that claim was rejected on an adequate and independent state ground without an adjudication on the merits, a petitioner may seek federal habeas review of that claim only where he can establish "cause and prejudice" for the default. *Cone v. Bell,* 243 F.3d 961, 967 (6th Cir.2001). A federal habeas petitioner is not excused from his "cause and prejudice" burden even if the last reasoned state court opinion on the claim that explicitly imposed a state court procedural default also discussed the merits of a claim. *Harris v. Reed,* 489 U.S. 255, 263–64 & n. 10, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); *Coe v. Bell,* 161 F.3d 320, 330 (6th Cir.1998).

In the case at bar, Miller has not met his burden to show cause for his procedural default nor is there any prejudice apparent. His chief argument is that he was ignorant of the three-year and one-year limitations of actions applicable to his Kentucky post-conviction claims. A petitioner's alleged ignorance of the law is not, however, sufficient to establish cause in this context. *See Rodriguez v. Maynard,* 948 F.2d 684, 688 (10th Cir.1991) (collecting cases). Finally, Miller did not supplement his claims of constitutional error with a colorable showing of actual innocence so as to demonstrate a fundamental miscarriage of justice which would permit review of his defaulted claims even though cause and prejudice have not been established. *McCleskey v. Zant,* 499 U.S. 467, 494–95, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). This appeal lacks merit.

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.