Jamal BIGGS, Petitioner–Appellant,

v.

Carol HOWES, Respondent–Appellee.

No. 02–1905.

United States Court of Appeals, Sixth Circuit.

Nov. 13, 2003.

Jamal Biggs, Detroit, MI, for Petitioner-Appellant.

Janice M. Joyce Bartee, Office of Prosecuting Attorney, Detroit, MI, for Respondent-Appellee.

Before NELSON, CLAY and COOK, Circuit Judges.

## ORDER

James Biggs, a Michigan prisoner proceeding pro se, moves for counsel and appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

Biggs was convicted of one count of first-degree felony murder, five counts of second-degree murder, and felony firearm following a jury trial in 1990. He was sentenced to life imprisonment without the possibility of parole on the first-degree murder conviction, concurrent terms of 60–90 years imprisonment on each of the second-degree murder convictions, and a consecutive term of two years imprisonment on the firearm conviction.

Following his convictions and sentencing, Biggs failed to timely request appointed counsel. The Michigan Court of Appeals rejected his late appeal without prejudice to his right to file a motion for relief from judgment. Biggs, through counsel, filed a motion for relief from judgment with the trial court. The trial court issued a lengthy written opinion denying Biggs's motion. Biggs then filed an application for leave to appeal with the Michigan Court of Appeals, which was granted. The Michigan Court of Appeals subsequently issued an opinion affirming Biggs's convictions. Biggs then filed an application for leave to appeal with the Michigan Supreme Court, which was denied.

In his amended habeas petition, Biggs asserts claims concerning the voluntariness of his confession, pre-trial publicity, the admission of evidence, the jury instructions, the sufficiency of the evidence, prosecutorial misconduct, and the effectiveness of counsel. In a thorough thirty-eight page memorandum opinion and order, the district court denied habeas relief on all of the claims. The court denied Biggs a certificate of appealability as to the evidentiary, jury instruction, insufficient evidence, prosecutorial misconduct, and ineffective assistance of counsel claims, but granted a certificate of appealability as to the invol-

untary confession/*Miranda* violation claim and the jury bias claims. This court denied Biggs a certificate of appealability on the remaining claims.

■ Generally, this court reviews de novo the district court's disposition of a habeas corpus petition. See *Payton v. Brigano*, 256 F.3d 405, 407–08 (6th Cir. 2001), *cert. denied*, 534 U.S. 1135, 122 S.Ct. 1081, 151 L.Ed.2d 981 (2002); *Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir.2000). A writ of habeas corpus will not be granted "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim" was contrary to clearly established federal law as determined by the United States Supreme Court, or applied such law unreasonably, or was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1) and (2). A state adjudication is contrary to clearly established law "if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state adjudication unreasonably applies clearly established law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. A federal habeas corpus court may not grant relief simply because, in that court's judgment, the state court applied the correct legal principle erroneously or incorrectly—the application must also be unreasonable. See *id.* at 411.

After a study of the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the habeas petition. Because the reasons why relief should be denied have been fully detailed by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose.

Accordingly, the motion for counsel is denied, and the district court's judgment is affirmed upon the reasoning set out by that court in its opinion and order filed June 20, 2002. Rule 34(j)(2)(C), Rules of the Sixth Circuit.