James **YANT**, Petitioner–Appellant,

v.

David **GUNDY**, Respondent–Appellee.

No. 03–1978.

United States Court of Appeals,
Sixth Circuit.

April 27, 2004.

James Yant, Ionia, MI, pro se.

Janet A. Van Cleve, Office of the Attorney General, Habeas Corpus Division, Lansing, MI, for Respondent–Appellee.

Before KENNEDY, MARTIN, and ROGERS, Circuit Judges.

## ORDER

James Yant, a Michigan prisoner proceeding pro se, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Yant was convicted of three counts of first-degree criminal sexual conduct, armed robbery, five counts of felony firearm, and felon in possession of a firearm following a jury trial in the Oakland County Circuit Court in 1994. He pleaded guilty to being a third habitual offender and was sentenced to life imprisonment, as well as consecutive terms of two years imprisonment on the felony firearm convictions, and three to five years imprisonment on the felon in possession conviction. The Michigan Court of Appeals affirmed Yant's convictions in a per curiam opinion. The Michigan Supreme Court remanded the case to the trial court for an evidentiary hearing on the issue of prosecutorial misconduct.

The trial court conducted the required hearing and made findings of fact. The trial court found no evidence of prosecutorial misconduct. On October 31, 2000, the Michigan Supreme Court granted leave to appeal, see People v. Yant, 463 Mich. 906, 618 N.W.2d 772 (2000), but on July 25, 2001, with three justices dissenting, the court vacated its grant of leave and issued an amended order denying leave to appeal "because the Court is no longer persuaded that the question presented should be reviewed." People v. Yant, 464 Mich. 877, 632 N.W.2d 494 (2001). Yant's request for reconsideration was similarly denied. People v. Yant, 634 N.W.2d 358 (Mich. 2001).

Yant filed the present habeas petition on March 22, 2002, raising the following claims:

I. The prosecutor denied him a fair trial by implying that she had evidence establishing that he was lying when he claimed to have been a police informant although the prosecutor failed to present such evidence and knew the implication to be false.

II. The prosecutor denied him a fair trial by introducing statements of an unnamed undisclosed informant through the prosecutor's own questioning in violation of his constitutional right to confront witnesses.

III. The prosecutor denied him a fair trial by implying through questioning and closing argument that former counsel withdrew because he did not believe Petitioner or his witnesses and by denigrating counsel's veracity.

IV. His convictions should be reversed because the errors were not harmless.

The district court denied the habeas petition in an opinion and order filed June 27, 2003. The court also granted Yant a certificate of appealability on all claims.

Generally, we review de novo the district court's disposition of a habeas corpus petition. See Payton v. Brigano, 256 F.3d 405, 407–08 (6th Cir.2001), cert. denied, 534 U.S. 1135, 122 S.Ct. 1081, 151 L.Ed.2d 981

(2002); *Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir.2000). A writ of habeas corpus will not be granted "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim" resulted in an unreasonable application of federal law or an unreasonable determination of facts based upon the evidence presented to the state courts. *See* 28 U.S.C. § 2254(d)(1) and (2). A federal court may not find a state adjudication to be unreasonable unless "the state court identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Thus, only when the state court's decision is "objectively unreasonable" should a writ of habeas corpus be issued. *Id.* at 409. In habeas corpus actions, this court reviews a district court's legal conclusions *de novo* and its factual findings for clear error. *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir.1999). A district court's judgment will be affirmed unless the record reflects an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

The state courts analyzed the disputed questions and comments in light of the proceedings as a whole and determined that they had not resulted in a fundamentally unfair trial. Habeas corpus relief is unavailable on Yant's prosecutorial misconduct claims because the state court's rulings did not involve an unreasonable application of relevant Supreme Court precedent. *See Darden v. Wainwright*, 477 U.S. 168, 178–83, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986); *Donnelly v. DeChristoforo*, 416 U.S. 637, 642–48, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.