Howard Jay KAPLAN, Petitioner–Appellant,

v.

Mary BERGHUIS, Warden, Respondent–Appellee.

No. 03–2175.

United States Court of Appeals, Sixth Circuit.

June 4, 2004.

Howard Jay Kaplan, Muskegon Heights, MI, pro se.

Laura Graves Moody, Office of the Attorney General, Lansing, MI, for Respondent–Appellee.

Before: KEITH and CLAY, Circuit Judges; and OBERDORFER, District Judge.*

### ORDER

Howard Jay Kaplan, a Michigan prisoner proceeding pro se, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

---

* The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

Following a jury trial, Kaplan was convicted of sixteen counts of first-degree criminal sexual conduct, eighteen counts of second-degree criminal sexual conduct, and habitual offender, fourth offense. The convictions arose from allegations that Kaplan sexually abused his eight-year-old daughter (complainant number one), and three of her playmates (complainants two through four) in his home during nine weekends in 1992. Kaplan was sentenced to twenty-two life terms and twelve thirty-five to eighty-five year sentences. The Michigan Court of Appeals affirmed Kaplan's convictions and the Michigan Supreme Court denied leave to appeal thereto. *See People v. Kaplan*, 457 Mich. 883, 586 N.W.2d 925 (Mich.1998).

Thereafter, Kaplan filed a motion for relief from judgment, which the trial court denied. The Michigan Court of Appeals denied leave to appeal the trial court's decision because Kaplan had failed to establish entitlement to relief under Michigan Court Rule 6.508(D). The Michigan Supreme Court also denied leave to appeal for failure to establish entitlement to relief under Rule 6.508(D). *See People v. Kaplan*, 465 Mich. 914, 636 N.W.2d 527 (Mich. 2001).

Kaplan's habeas petition was filed on July 24, 2002. The grounds for relief read as follows:

I. The trial court's failure to determine the competency of the child complainants and its failure to hold an evidentiary hearing on whether improper investigative procedures tainted the children's memories resulted in admission of unreliable evidence in violation of Petitioner's Fourteenth Amendment right to due process.

II. Judicial bias left the jury with the impression of partiality which upset the balance between the state and the accused, denying Petitioner his Four-

teenth Amendment right to a fair trial.

III. Erroneous evidentiary rulings deprived Petitioner of his Sixth Amendment right to confrontation and compulsory process to guarantee him his Fourteenth Amendment right to present a defense.

IV. Numerous instances of prosecutor misconduct, including the failure to disclose *Brady* material which effected counsel's performance, rendered the trial result unreliable in violation of Petitioner's rights under the Sixth and Fourteenth Amendments of the United States Constitution.

V. Ineffective assistance of both trial and appellate counsel rendered Petitioner's trial and appeal result unreliable, in violation of Petitioner's Sixth and Fourteenth Amendment rights to a fair trial and appeal of right.

VI. The cumulative effect of the constitutional errors presented in this habeas petition, served to deprive Petitioner of a fair trial in violation of the Due Process Clause of the Fourteenth Amendment.

The district court denied the habeas petition on the merits, and granted Kaplan a certificate of appealability on all issues.

Generally, we review de novo the district court's disposition of a habeas corpus petition. *See Payton v. Brigano*, 256 F.3d 405, 407–08 (6th Cir.2001), *cert. denied*, 534 U.S. 1135, 122 S.Ct. 1081, 151 L.Ed.2d 981 (2002); *Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir.2000). A writ of habeas corpus will not be granted "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim" resulted in an unreasonable application of federal law or an unreasonable determination of facts based upon the evidence presented to the

state courts. *See* 28 U.S.C. § 2254(d)(1) and (2). A federal court may not find a state adjudication to be unreasonable unless "the state court identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Thus, only when the state court's decision is "objectively unreasonable" should a writ of habeas corpus be issued. *Id.* at 409.

After a study of the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the habeas petition. Because the reasons why relief should be denied have been fully detailed by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose.

Accordingly, the district court's judgment is affirmed upon the reasoning set out by that court in the opinion and order filed August 1, 2003. Rule 34(j)(2)(C), Rules of the Sixth Circuit.