**Jerome Francis JONES, Petitioner–Appellant,**

v.

**Paul KLEE, Warden, Respondent–Appellee.**

No. 16-1889

United States Court of Appeals, Sixth Circuit.

FILED December 21, 2016

Before: GUY and MOORE, Circuit Judges; HOOD, District Judge.*

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

ORDER

Jerome Francis Jones, a prisoner in the custody of the Michigan Department of Corrections proceeding pro se, appeals the district court's order dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In 2011, Jones was convicted in Michigan state court on several drug trafficking offenses and sentenced to a 6–to–30–year term of imprisonment. The Michigan Court of Appeals affirmed Jones's convictions, *People v. Jones*, No. 306411, 2012 WL 6178276 (Mich. Ct. App. Dec. 11, 2012), and the Supreme Court of Michigan denied Jones leave to further appeal, *People v. Jones*, 494 Mich. 868, 832 N.W.2d 235 (2013). On October 15, 2013, the United States Supreme Court denied Jones's petition for a writ of certiorari. *Jones v. Michigan*, —— U.S. ——, 134 S.Ct. 458, 187 L.Ed.2d 306 (2013).

In January 2014, Jones filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Michigan. In July 2014, the district court dismissed the petition without prejudice for failure to exhaust state court remedies. Meanwhile, on June 12, 2014, Jones filed a motion for relief from judgment in the state trial court. The trial court denied this motion on June 26, 2014. Jones did not appeal this order. Instead, in July and September 2014, Jones filed two more motions for relief from judgment with the trial court, which denied both motions because they were barred by Michigan's rule prohibiting successive motions for relief from judgment. *See* Mich. Ct. R. 6.502(G). Jones appealed the trial court's denial of his second motion for relief from judgment

but did not appeal the denial of his third motion. In December 2014, the Michigan Court of Appeals dismissed Jones's appeal from the denial of his second motion for relief from judgment.

On April 14, 2015, Jones filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in the United States District Court for the Eastern District of Michigan, raising four claims. On respondent's motion, however, the district court dismissed Jones's petition on the grounds that it was barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A). Jones appealed.

We review de novo a district court's order finding that a petition for a writ of habeas corpus under 28 U.S.C. § 2254 is barred by the statute of limitations. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). We also review de novo a district court's determination that a habeas petitioner is not entitled to equitable tolling of the statute of limitations. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). In this case, the district court correctly concluded that Jones's habeas petition was untimely and that he is not entitled to equitable tolling of the statute of limitations.

Jones's convictions became final on October 15, 2013 when the United States Supreme Court denied his petition for a writ of certiorari. *See Gonzalez v. Thaler*, 565 U.S. 134, 132 S.Ct. 641, 653, 181 L.Ed.2d 619 (2012). The § 2244(d)(1)(A) statute of limitations began running the following day. The statute of limitations was tolled from June 12, 2014 to June 26, 2014 because Jones had pending a properly filed motion for state post-conviction relief. *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Jones's second and third motions for relief from judgment were improper under Michigan law and therefore did not toll the statute of limitations. *Williams v. Birkett*, 670 F.3d 729,

732–36 (6th Cir. 2012). Jones did not file the instant habeas petition until April 14, 2015. By that time, 530 non-tolled days had elapsed since Jones's convictions became final. Jones's petition was thus untimely under § 2244(d)(1)(A) absent equitable tolling.

The timely filing of an unexhausted first § 2254 petition will equitably toll the § 2244(d)(1)(A) statute of limitations if the petitioner re-files his petition within 30 days after exhausting his state court remedies. *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In this case, however, Jones waited almost ten months after the state trial court dismissed his first motion for relief from judgment to re-file his § 2254 petition. Accordingly, Jones is not entitled to equitable tolling of the statute of limitations under *Palmer. Id.* at 781–82.

Jones points to no other extraordinary circumstance that would justify equitably tolling the statute of limitations. Jones argued before the district court that he was entitled to equitable tolling because he was transferred to two different institutions in the month that his petition was due and was denied access to a law library at his new institution for thirteen weeks. In *Solomon v. United States*, 467 F.3d 928 (6th Cir. 2006), we held that a prisoner was entitled to equitable tolling of the statute of limitations because he was transferred to a new institution and detained without access to his legal materials during the month his motion was due and he acted diligently to file his motion once the external impediments to filing a timely motion were removed. *Id.* at 934. In *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745 (6th Cir. 2011), on the other hand, we held that the petitioner's pro se status and lim-

ited access to the law library did not justify equitably tolling the statute of limitations. *Id.* at 752. Distinguishing *Solomon*, we found that the petitioner's five-month delay in filing his § 2254 motion—during which time he could have filed a timely habeas petition—showed a lack of diligence on his part. *Id.* In this case, Jones has not explained what external circumstance prevented him from filing his habeas petition during the four-month period between the trial court's denial of his first motion for relief from judgment and the time his access to the law library was restricted. Similarly, Jones has not explained why it took him another two months to file his petition after his access to the law library was restored. Jones, therefore, has not shown that he acted diligently in filing his habeas petition. Accordingly, Jones is not entitled to equitable tolling of the statute of limitations due to extraordinary circumstances. Further, Jones does not assert actual innocence as a basis for equitable tolling.

For the foregoing reasons, we **AFFIRM** the district court's order dismissing Jones's petition for a writ of habeas corpus under 28 U.S.C. § 2254 and **DENY** as moot Jones's motion to remand. The interests of justice do not warrant appointment of counsel in this case. *See* 18 U.S.C. § 3006A(2)(B). Accordingly, we **DENY** Jones's motion for appointment of counsel.